BY THE PANEL:
Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Orestes Hernandez has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). “The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.” Id. § 2244(b)(3)(C); see also Jordan v. Sec’y, Dep't of Corrs., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court’s determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).
In his application, Hernandez seeks to raise one claim in a second or successive § 2255 motion. Hernandez asserts that his claim relies on a new rule of constitutional law, citing Johnson v. United States, — U.S.-, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e), is unconstitutionally vague. He also asserts that his claim relies on Mathis v. United States, — U.S.-, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). Hernandez contends that the Supreme Court’s holding in Johnson implicates the mandatory terms of imprisonment he received under 18 U.S.C. § 924(c) for using a firearm during a crime of violence. He argues that his convictions for Hobbs Act robbery and extortion, 18 U.S.C. § 1951, and carjacking, 18 U.S.C. § 2119, no longer qualify as crimes of violence under § 924(c), after the Supreme Court’s holding in Johnson and Mathis.
Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application must be dismissed, 28 U.S.C. § 2244(b)(1). This Court has held that § 2244(b)(l)’s mandate applies to applications for leave to file a second or successive § 2255 motion. In re Baptiste, 828 F.3d 1337, 1339-40 (11th Cir. 2016). Hernandez has previously filed an application for leave to file a second or *1164 successive § 2255 motion based on Johnson. In that application, Hernandez contended that his § 924(c) convictions were no longer valid. We denied his application, reasoning that Hernandez’s Hobbs Act convictions qualified as crimes of violence under § 924(c)(3)(A)’s use-of-force clause. In re: Orestes Hernandez, No. 16-11862, manuscript op. at 2-3 (11th. Cir. May 17, 2016). We noted that Hernandez’s indictment confirmed that he was convicted under the part of § 1951 that contained a use of force. Id. at 3. Accordingly, we denied his application, reasoning that Hernandez’s sentence was valid even if Johnson invalidated § 924(c)’s residual clause. Id. Because Hernandez raises the same argument in this application that we previously denied on the merits, under binding precedent his application must be denied. Baptiste, 828 F.3d at 1339.
Moreover, Mathis does not provide an independent basis for his application, as the Supreme Court’s holding in Mathis did not announce a “new rule of constitutional law.” See 28 U.S.C. § 2255(h). Rather, the Supreme Court in Mathis provided guidance to courts in interpreting an existing criminal statute. See Mathis, 136 S.Ct. at 2248-57.
Accordingly, because Hernandez has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.