**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIO KELBIA ARAZOLA-GALEA,
    *Petitioner*,

v.

UNITED STATES OF AMERICA,
    *Respondent.*

No. 16-73574

OPINION

Application to File Second or Successive Petition
Under 28 U.S.C. § 2255

Submitted November 15, 2017[*]
San Francisco, California

Filed December 12, 2017

Before: Johnnie B. Rawlinson and Jay S. Bybee, Circuit
Judges, and William E. Smith,[**] Chief District Judge.

Opinion by Judge Rawlinson

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable William E. Smith, Chief United States District
Judge for the District of Rhode Island, sitting by designation.

## SUMMARY[***]

### 28 U.S.C. § 2255

Denying an application for authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255 to vacate a sentence, the panel held that *Mathis v. United States*, 136 S. Ct. 2243 (2016), which clarified application of the categorical analysis to the Armed Career Criminal Act, did not establish a new rule of constitutional law.

### COUNSEL

Tara K. Hoveland, South Lake Tahoe, California, for Petitioner.

Karla Hotis Delord, Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; Elizabeth A. Strange, Acting United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Respondent.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

RAWLINSON, Circuit Judge:

Mario Arazola-Galea is a native and citizen of Honduras who has been living in the United States since at least 2000. In 2013, Arazola-Galea was arrested by border patrol agents in Arizona and ordered detained on a felony complaint. Arazola-Galea pled guilty to an Information charging him with re-entry of a previously removed alien in violation of 8 U.S.C. § 1326. Arazola-Galea also admitted a violation of his supervised release from a prior conviction. Investigation revealed that Arazola-Galea had previously been deported after a felony conviction for possession of a controlled substance in violation of Colorado Revised Statute (C.R.S.) § 18-18-405(1). The district court determined that the Colorado conviction was for a drug trafficking offense as defined under U.S.S.G. §2L1.2(b)(1)(A), and sentenced Arazola-Galea to 70 months' imprisonment.

Arazola-Galea timely filed a direct appeal, which this Court dismissed based on the valid appellate waiver in Arazola-Galea's plea agreement. Arazola-Galea then filed a motion to vacate the sentence under 28 U.S.C. § 2255, arguing that his Sixth Amendment right to counsel was violated and that the district court lacked jurisdiction to enhance his sentence without conducting a jury trial. The district court dismissed the motion with prejudice based upon the plea waiver. Arazola-Galea filed a subsequent motion for authorization to file a second or successive habeas petition, arguing that *Johnson v. United States*, 135 S. Ct. 2551 (2015) entitled him to retroactive relief from his sentence. We denied the motion, determining that the holding in *Johnson* was not implicated.

Months later, Arazola-Galea filed the present motion for authorization to file a second or successive habeas petition. Arazola-Galea argues that, in light of the Supreme Court's holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the sentencing enhancement applied to his Colorado conviction for possession of a controlled substance was improper because his conviction was for an offense broader than the generic offense described in the federal definition of a drug trafficking offense in U.S.S.G. §2L1.2(a) and (b). We deny Arazola-Galea's application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may file a second or successive petition for a writ of habeas corpus if we certify that the claim is based upon "[1] a new rule, [2] of constitutional law, [3] made retroactive to cases on collateral review by the Supreme Court, [4] that was previously unavailable." 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(2)(A).

The sole issue we must decide is whether Arazola-Galea's application to file a second or successive habeas petition can survive "the stringent standard" set forth in AEDPA that generally prohibits such filings. *See Goodrum v. Busby*, 824 F.3d 1188, 1193 (9th Cir. 2016). Arazola-Galea argues that his application satisfies this stringent standard because *Mathis* articulated a new constitutional rule that retroactively invalidates the sentencing enhancement applied on the basis of his Colorado conviction.

We disagree. *Mathis* does not establish a new rule of constitutional law; rather, it clarifies application of the "categorical" analysis to the Armed Career Criminal Act (ACCA). *See Mathis*, 136 S. Ct. at 2251 (resolving the case on the basis of the Court's "longstanding principles," and

explaining that *Taylor v. United States*, 495 U.S. 575 (1990) "set out the essential rule governing ACCA cases more than a quarter century ago"). Our subsequent decisions have confirmed the notion that *Mathis* is a clarification of existing rules rather than a new rule itself. *See*, *e.g.*, *United States v. Martinez-Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017) ("*Mathis* did not change the rule stated in *Descamps* [*v. United States*, 570 U.S. 254 (2013)]; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements."); *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017) ("To determine whether a defendant's prior conviction is a crime of violence under the Guidelines, we apply the categorical approach first outlined in *Taylor v. United States*, 495 U.S. 575 (1990), and later clarified in [*Descamps*] and [*Mathis*]. . . .").

We now join our sister circuits in definitively holding that *Mathis* did *not* establish a new rule of constitutional law. *See Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) ("[A]lthough the *Mathis* Court noted that its ACCA [Armed Career Criminal Act] interpretation had been based in part on constitutional concerns, . . . those concerns did not reflect a new rule, for *Taylor* set out the essential rule governing ACCA cases more than a quarter century ago.") (citation and internal quotation marks omitted); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (recognizing that *Mathis* did not "set forth new rules of constitutional law that have been made retroactive to cases on collateral review") (citations omitted); *In re Conzelmann*, 872 F.3d 375, 376–77 (6th Cir. 2017) (same); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (explaining that *Mathis* "did not announce" a rule of constitutional law; "it is a case of statutory interpretation"); *In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (same).

Arazola-Galea's application for authorization to file a second or successive habeas petition is **DENIED**.