**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff-Appellee,<br><br>     v.<br><br>JEFFERY SCOTT FINNEY,<br><br>               Defendant-Appellant. | No.   17-35683<br><br>D.C. Nos.   2:16-cv-00179-LRS<br>                    2:11-cr-00132-LRS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jeffery Scott Finney appeals from the district court's order denying his 28

U.S.C. § 2255 motion to vacate his sentence.  We have jurisdiction under 28

U.S.C. § 2253.  Reviewing de novo, *see United States v. Manzo*, 675 F.3d 1204,

1209 (9th Cir. 2012), we affirm.

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Finney contends that, when imposing the 137-month sentence, the district court considered the fact that he avoided an enhancement under the Armed Career Criminal Act ("ACCA") by entering into a plea agreement. According to Finney, *Johnson v. United States*, 135 S. Ct. 2551 (2015) renders that fact erroneous and therefore his sentence violates his due process rights. He further argues that the calculation of his Guidelines range was flawed, and this error shows that he was prejudiced by consideration of his ACCA eligibility.

As an initial matter, the Guidelines calculation was not marred by *Johnson* error. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause"). Nor are any of the other cases Finney cites applicable in these proceedings to invalidate the use of his prior convictions as sentencing enhancements. *See* 28 U.S.C. § 2255(f)(3); *Arazola-Galea v. United States*, 876 F.3d 1257, 1259-60 (9th Cir. 2017) (holding that *Mathis v. United States*, 136 S. Ct. 2243 (2016), did not announce a new rule of constitutional law); *Ezell v. United States*, 778 F.3d 762, 766-67 (9th Cir. 2015) (holding that *Descamps v. United States*, 133 S. Ct. 2276 (2013), did not announce a new rule of constitutional law).

The record demonstrates that the district court based the sentence on the

17-35683

applicable, correctly calculated Guidelines range, and the 18 U.S.C. § 3553(a) sentencing factors, including Finney's criminal history. We conclude, therefore, that Finney is not entitled to relief because the record does not show that his ACCA eligibility was "demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (internal quotation marks omitted).

    **AFFIRMED.**