**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MICHAEL ALLEN,
*Petitioner-Appellant*,

v.

RICHARD IVES,
*Respondent-Appellee*.

No. 18-35001

D.C. No.
3:17-cv-00044-HZ

OPINION

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted April 10, 2019
Seattle, Washington

Filed February 24, 2020

Before: William A. Fletcher, Consuelo M. Callahan,
and Morgan B. Christen, Circuit Judges.

Opinion by Judge W. Fletcher;
Dissent by Judge Callahan

## SUMMARY[*]

### Habeas Corpus

The panel reversed the district court's judgment dismissing for lack of jurisdiction Michael Allen's 28 U.S.C. § 2241 habeas corpus petition claiming that he is "actually innocent" of his sentence as a career offender, and remanded for consideration of the claim on the merits.

Allen's sentence was enhanced under the career offender provisions of U.S.S.G. §§ 4B1.1 and 4B1.2 (1997) when the sentencing guidelines were mandatory. In his 2017 § 2241 petition, Allen contended that *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), retroactively established that under the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), his Connecticut state court marijuana conviction was not a "controlled substance offense" as defined in § 4B1.2, and that he was therefore innocent of being a career offender. The district court concluded that *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012), squarely rejected jurisdiction under § 2241 to address career offender errors because such claims are purely legal and have nothing to do with factual innocence.

The panel held that the appeal is not moot because there is a nontrivial possibility that the sentencing court will reduce Allen's term of supervised release if the district court had

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

jurisdiction over the § 2241 petition and Allen is held to be actually innocent of having been a career offender.

The panel held that Allen has made a claim of actual innocence that permits jurisdiction over his § 2241 petition under the 28 U.S.C. § 2255(e) "escape hatch," which permits a federal prisoner to file a § 2241 petition to contest the legality of a sentence where his remedy under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention.

The panel wrote that if Allen prevails on the merits of his claim that his Connecticut marijuana conviction was not a predicate conviction for career offender status, the factual predicate for his mandatory sentencing enhancement did not exist, and he is actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch.

The panel wrote that Allen did not have an unobstructed procedural shot at presenting his claim of actual innocence because (1) it was foreclosed by existing precedent at the time of his direct appeal and § 2255 motion, and (2) his claim, which is not based on the Constitution but on the *Mathis*/*Decamps* interpretations of federal statutes, would not satisfy the 28 U.S.C. § 2244 criteria for a second or successive § 2255 motion.

The panel clarified that *Mathis* and *Decamps* apply retroactively when a court reviews a criminal judgment in the course of addressing a § 2241 petition or a first § 2255 motion.

Judge Callahan dissented because this court rejected a similar effort to expand the § 2255(e) escape hatch in *Marrero*, which is binding on this three-judge panel.

## COUNSEL

Elizabeth G. Daily (argued), Assistant Federal Public Defender, Federal Public Defender's Office, Portland, Oregon, for Petitioner-Appellant.

Amy Potter (argued) and Natalie K. Wight, Assistant United States Attorneys; Kelly A. Zusman, Appellate Chief; Billy J. Williams, United States Attorney, District of Oregon; United States Attorney's Office, Portland, Oregon; for Respondent-Appellee.

## OPINION

W. FLETCHER, Circuit Judge:

Petitioner Michael Allen appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction. Allen contends that he is "actually innocent" of his sentence as a career offender; that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test his claim of actual innocence; and that the district court may therefore entertain his § 2241 petition. We conclude that Allen's claim of actual innocence is cognizable under § 2241. We therefore reverse the district court's dismissal for lack of jurisdiction and remand.

## I. Background

In 1997, Allen pleaded guilty in federal district court in Connecticut to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846; carrying a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c); and possession of a firearm as a felon in violation 18 U.S.C. § 922(g)(1) and 924(c). When Allen was sentenced, the sentencing guidelines were mandatory. *See United States v. Booker*, 543 U.S. 220, 245 (2005).

Allen's sentence was enhanced under the career offender provisions of U.S.S.G. §§ 4B1.1 and 4B1.2 (1997). The district court concluded that he was a career offender based on two predicate "controlled substance offenses" for which he had previously been convicted under Connecticut law. One of the predicate offenses was a conviction for two sales of marijuana on the same day, treated by the district court as a single conviction for purposes of career offender status. The other was a conviction for possession of narcotics. The Connecticut conviction records are no longer available, but it is clear from the sentencing transcript that at least the marijuana offense was a conviction under Connecticut General Statute 21a-277(a).

Because Allen was found to be a career offender, his base offense level for the conspiracy count increased from 36 to 37, increasing his sentencing range from 235 to 293 months to 262 to 327 months. The district court sentenced Allen to 262 months on the conspiracy count, a mandatory consecutive sentence of 60 months on the carrying-a-firearm count, and a concurrent sentence of 120 months on the felon-

in-possession count.  Allen was sentenced to a total term of imprisonment of 322 months.

The district court concluded, based on Allen's status as a career offender, that there was no legal basis for imposing a sentence below the guideline range.  The court concluded, further, that Allen did not qualify for a downward departure under U.S.S.G. § 5H1.3 because, despite being "persuaded that the physical abuse to which [Allen] was subjected very early in life is extraordinary," and despite finding that Allen had suffered emotional and sexual abuse, the court could not find a sufficient nexus between Allen's abusive upbringing and the crimes of conviction.

In 2003, the federal district court in Connecticut denied Allen's § 2255 motion to vacate his sentence.  The Second Circuit affirmed.  In January 2017, Allen filed a petition under 28 U.S.C. § 2241 in federal district court in Oregon, where he was incarcerated. (A motion under § 2255 must be filed in the district where the defendant was sentenced.  A petition under § 2241 must be filed in the district where the petitioner is incarcerated.)  Allen contended in his § 2241 petition that *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), retroactively established that under the categorical approach of *Taylor v. United States*, 495 U.S. 575 (1990), his Connecticut state court marijuana conviction was not a "controlled substance offense" as defined in U.S.S.G. § 4B1.2, and that he was therefore innocent of being a career offender.  Allen asked to be resentenced without the enhancement resulting based on career offender status.

The district court in Oregon dismissed Allen's § 2241 petition for lack of jurisdiction.  The court concluded that our

decision in *Marrero v. Ives*, 682 F.3d 1190, 1193–95 (9th Cir. 2012), had "squarely rejected" jurisdiction under § 2241 to address career offender errors because such claims are "purely legal" and have "nothing to do with factual innocence." Because the court held that it lacked jurisdiction, it did not address Allen's contention that his Connecticut state court conviction was not a predicate conviction for career offender status. The district court granted a Certificate of Appealability "as to whether 28 U.S.C. § 2241 habeas corpus jurisdiction is appropriate."

## II. Mootness

After we heard argument in this case, the district court in Connecticut reduced Allen's sentence under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), to time served and ordered his immediate release. The court reduced his period of supervised release to four years. The government contends that Allen's release and reduction in sentence renders his appeal moot. We disagree.

The district court in Connecticut was required under 21 U.S.C. § 841(b)(1)(B) to impose a sentence of supervised release of "at least four years." However, 18 U.S.C. § 3583(e) authorizes a district court to terminate the period of supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Allen has a nontrivial argument for reducing his supervised release period under § 3583(e). If we hold that the district court in Oregon had jurisdiction over Allen's § 2241 petition, and if Allen is held to be actually innocent of having been a career offender, there is a nontrivial possibility that the district court in Connecticut will reduce his term of supervised release under § 3583(e). *See*

*Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005) ("The 'possibility' that the sentencing court would use its discretion to reduce a term of supervised release under 18 U.S.C. § 3583(e)(2) was enough to prevent the petition from being moot.") (citing *Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001)); *see also United States v. D.M.*, 869 F.3d 1133, 1137 (9th Cir. 2017).

Allen's appeal therefore is not moot.

## III.  Standard of Review

We review de novo a district court's decision that it lacks jurisdiction over a petition under 28 U.S.C. § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

## IV.  Discussion

As a general rule, "a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention[.]"  *Stephens*, 464 F.3d at 897 (internal citations omitted).  An exception to the general rule, termed the § 2255(e) "escape hatch," permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam) (quoting § 2255(e)).  We have held that a remedy under § 2255 is inadequate where "the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'"  *Marrero*, 682 F.3d at 1192 (quoting *Stephens*, 464 F.3d at 898).

### A.  Actual Innocence

Allen contends under *Mathis* and *Descamps* that his Connecticut marijuana conviction is not a predicate crime for career offender status, and that he is therefore actually innocent of being a career offender under the Sentencing Guidelines.  That is, he contends, he has a claim of actual innocence cognizable under § 2241.

In addressing claims of actual innocence under § 2241, we have relied on "the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998)." *Stephens*, 464 F.3d at 899.  A "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted).  At issue in *Bousley* was a claim of actual innocence of the crime of conviction for which a petitioner has been sentenced.

The government conceded at oral argument that if a petitioner is actually innocent of a predicate crime for career offender status in the sense that he did not commit the state-law crime of which he was convicted, *Bousley* applies.  In that event, the petitioner would have a claim of actual innocence cognizable under § 2241.  This would be the case, for example, if the predicate crime were rape, and DNA evidence later proved petitioner's innocence.  The question before us, then, is not whether a petitioner who did not commit a predicate crime of which he was convicted may challenge his career offender status under § 2241.  The government has conceded that he may do so.  Rather, it is the closely related question whether a petitioner who committed a crime that is not a predicate crime may challenge his career offender status under § 2241.

Allen does not challenge the validity of his conviction for sales of marijuana under Connecticut General Statute 21a-277(a). But he contends under *Mathis* and *Descamps*, which apply retroactively, that his conviction under that statute is not a conviction for a predicate crime. That is, Allen claims that he is actually innocent of a crime that would qualify him for career offender status, and is therefore actually innocent of the sentence that was imposed.

In *Marrero*, we held that a prisoner seeking resentencing based on non-retroactive changes to the treatment of related predicate crimes under the Sentencing Guidelines did not present a claim of actual innocence. 682 F.3d at 1194. Marrero did not contend that he was innocent of the felonies that qualified as crimes of violence or controlled substance offenses under U.S.S.G. § 4B1.2. Nor did he contend that he was improperly classified as a career offender at the time he was sentenced. Rather, he claimed that he was "'actually innocent' of being a career offender" because under non-retroactive amendments to the Sentencing Guidelines, two of his prior convictions would now be treated as related, rather than separate, predicate crimes. *Id.* at 1193. We held that the fact that his two prior offenses might be related under non-retroactive current law "ha[d] nothing to do with factual innocence." *Id.*

In *Marrero*, we left open the "question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." *Id.* at 1193. We now reach that question and hold that Allen has made a claim of actual innocence that permits jurisdiction over his § 2241 petition. If Allen prevails on the merits of his claim that his Connecticut marijuana conviction was not a predicate conviction for career offender status under the

Guidelines, the factual predicate for his mandatory sentencing enhancement did not exist. That is, he is actually innocent of the enhancement. In that case, it is beyond dispute that he is not, and was not, a career offender. *See Stephens*, 464 F.3d at 899.

Some of the decisions cited by *Marrero* restricted actual innocence claims to cases in which the sentence exceeded what would otherwise have been the statutory maximum. But the advisory nature of the post-*Booker* guidelines was important to the reasoning in those decisions. *See, e.g.*, *Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) ("While the sentencing guidelines are used as a starting point for determining where within the statutorily set range a prisoner's sentence should fall, the guidelines themselves are advisory. A challenge to the sentencing court's guidelines calculation, therefore, only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence she received."). For prisoners sentenced under the mandatory Guidelines, we doubt such a restriction can survive the Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99, 107–08 (2013), that a fact that increases a mandatory minimum sentence is an "element" of the offense. *See* 570 US. 99, 107–08 (2013). In the case before us, the finding that Allen was a career offender increased his minimum sentence under the mandatory Guidelines from 235 months to 262 months and disqualified him from receiving an otherwise available downward departure.

At least one circuit has recognized an actual innocence claim where the petitioner contended that a prior conviction did not qualify as a predicate offense. In *United States v. Maybeck*, 23 F.3d 888, 890–91 (4th Cir. 1994),

the sentencing   court determined that Maybeck's prior conviction for burglary was a crime of violence based on a mischaracterization in his presentencing interview.  In fact, his prior conviction was for third-degree burglary, not armed burglary.  The Fourth Circuit concluded that "[t]here is no question . . . Maybeck [wa]s actually innocent of being a career offender" because "Maybeck has only one prior felony conviction that was a crime of violence, and he has none that were controlled substance offenses."  *Id.* at 892 (footnote omitted).  We find this reasoning persuasive.

The dissent relies on language from *Bousley*, 523 U.S. at 623, that actual innocence means more than "mere legal insufficiency."  But consistent with *Bousley*, and our cases applying *Bousley*, a retroactive intervening change in the law may render a petitioner factually innocent of a predicate crime.   The basis for the claim in *Bousley* was that intervening retroactive case law had defined "use" of a firearm differently than the definition given by the sentencing court at the time of petitioner's guilty plea.  *See id.* at 616. The Court instructed that on remand, the petitioner could establish actual innocence by showing that he did not make "use" of a firearm within the meaning of the statute of conviction.  *Id.* at 623–24.  Petitioner could be factually innocent if, on the facts of the case, his conduct did not legally amount to "use" of a firearm.  *See, e.g.*, *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (petitioner showed actual innocence where statute of conviction was subsequently interpreted not to reach petitioner's conduct).

We read *Marrero* as consistent with a claim of actual innocence in this case.  In *Marrero*, petitioner's claim of actual innocence failed because his claim to actual innocence was based on a non-retroactive interpretation of the

Guidelines, and he made no claim to factual innocence of the crimes of which he had been convicted. In this case, by contrast, Allen's claim of actual innocence is based on a retroactive change of law, which transformed his Connecticut marijuana conviction from a predicate crime into a non-predicate crime. In other words, Allen claims that his prior conviction is not a conviction for a predicate crime, that he is therefore actually innocent of a predicate crime, and that he is thus actually innocent of the mandatory sentencing enhancement. If Allen is correct under *Mathis* and *Descamps* that his Connecticut marijuana conviction is not a conviction for a controlled substance offense, he is "actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." *Marrero*, 682 F.3d at 1193.

## B. Unobstructed Procedural Shot

When deciding whether a petitioner has had an "unobstructed procedural shot," we consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation marks omitted). If an intervening court decision after a prisoner's direct appeal and first § 2255 motion "effect[s] a material change in the applicable law[,]" then the prisoner did not have an unobstructed procedural shot to present his claim. *Alaimalo*, 645 F.3d at 1047–48 (prisoner lacked unobstructed procedural shot where circuit precedent foreclosed his actual innocence claim when he brought his § 2255 motion); *see Stephens*, 464 F.3d at 898 (prisoner lacked unobstructed procedural shot where Supreme Court precedent foreclosed

his actual innocence claim when he brought his § 2255 motion).

Allen did not have an unobstructed procedural shot at presenting his claim of actual innocence because it was foreclosed by existing precedent at the time of his direct appeal and § 2255 motion. Under the law at the time of his § 2255 motion, his conviction under Connecticut law would have been analyzed under the modified categorical approach because the statute of conviction—Connecticut General Statute § 21a-277—would have been deemed divisible. *See United States v. Beardsley*, 691 F.3d 252, 265 (2d Cir. 2012) (statute was "not divisible into predicate and non-predicate offenses" because it did not list these offenses "in separate subsections or a disjunctive list"). Under that approach, Allen's claim would have failed.

Based on the Supreme Court's later decisions in *Mathis* and *Descamps*, Allen is now able to argue that (1) the categorical approach should apply to Connecticut General Statute § 21a-277, and (2) his conviction for marijuana possession is not a "controlled substance offense" under the categorical approach. *See United States v. Savage*, 542 F.3d 959, 965–66 (2d Cir. 2008) (definition of "sale" as used in § 21a-277 includes "mere offer[s]" to sell controlled substances, thereby criminalizing "more conduct than falls within the federal definition of a controlled substance offense"). The legal basis for this argument arose only after Allen had appealed and after he had filed his § 2255 motion.

Nor would a second or successive § 2255 motion be adequate to test the legality of Allen's detention. "A second or successive [2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to

contain . . . (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). Both the Ninth Circuit and the Second Circuit have held that the decisions in *Mathis* and *Descamps* do not meet the standard for a second or successive § 2255 motion because they interpreted federal statutes, not the Constitution. *See Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015); *Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) (per curiam).

Because Allen's claim under *Mathis* and *Descamps* "did not become available until after the [Second] Circuit denied his § 2255 motion, and because that claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, [Allen] has not had (and, indeed, will never get) an opportunity to present his . . . claim in a § 2255 motion" that his prior convictions were not for predicate crimes under the standard in *Mathis* and *Descamps*. *Stephens*, 464 F.3d at 898. Thus, Allen has not had an unobstructed procedural shot at presenting his actual innocence claim.

## C.  Retroactivity

Our holding that Allen has made a cognizable claim of actual innocence, and that he did not have an unobstructed procedural shot at presenting that claim, resolves the question of statutory jurisdiction in this case. We take the opportunity to clarify that *Mathis* and *Descamps* apply retroactively when a court reviews a criminal judgment in the course of addressing a § 2241 petition or a first § 2255 motion.

New rules of criminal law do not always apply retroactively on collateral review of criminal judgments. *See Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion). "A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (internal quotation marks omitted). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)).

Our dissenting colleague contends that neither *Mathis* nor *Descamps* announced a new rule at all. If this is so, there is no dispute about whether they apply retroactively. It is black-letter law that they do. Decisions that do not announce a new rule apply retroactively on collateral review whether substantive or procedural. *See Whorton*, 549 U.S. at 416.

To the extent that *Mathis* and *Descamps* may be thought to have announced a new rule, we have no trouble concluding that the rule is one of substance rather than procedure. Like other decisions interpreting the reach of federal sentencing enhancements, the rule from *Mathis* and *Descamps* alters "the range of conduct . . . that the law punishes" and not "only the procedures used to obtain the conviction." *Welch*, 136 S. Ct. at 1266. The Supreme Court in *Welch* expressly rejected the argument—an argument reiterated today by our dissenting colleague—that a new rule may not be deemed substantive merely "because it does not limit Congress' power" to punish certain conduct. *Id.* at 1267. We have previously recognized that decisions that alter the substantive reach of a federal

statute apply retroactively in § 2241 proceedings under the escape hatch. *See, e.g.*, *Alaimalo*, 645 F.3d 1042. The Supreme Court's decisions in *Mathis* and *Descamps* therefore will apply retroactively to a review of Allen's sentence on remand.

## Conclusion

We hold that Allen has made a cognizable claim that he is "actually innocent of a noncapital sentence for purposes of qualifying for the escape hatch," and that he has not had an "unobstructed procedural shot at presenting the claim." He may therefore file a petition for habeas corpus under § 2241. We reverse the district court's dismissal of his § 2241 petition for lack of jurisdiction and remand for consideration of Allen's claim on the merits.

**REVERSED and REMANDED.**

---

CALLAHAN, Circuit Judge, dissenting:

Allen does not claim to be actually innocent of the crimes for which he was sentenced. Nor does Allen claim to be actually innocent of his prior convictions that, at the time of his sentencing, qualified him as a career offender under the Sentencing Guidelines. Rather, Allen claims that he is "actually innocent" of his career offender designation based on the intervening Supreme Court decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). On that basis, he asserts that he may file a petition pursuant to 28 U.S.C. § 2241 under the escape hatch provision of 28 U.S.C. § 2255(e).

We squarely rejected a similar effort to expand the § 2255(e) escape hatch in *Marrero v. Ives*, 682 F.3d 1190 (9th Cir. 2012), and our holding in *Marrero* is binding on this three-judge panel. *See Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("[A] later three-judge panel considering a case that is controlled by the rule announced in an earlier panel's opinion has no choice but to apply the earlier-adopted rule; it may not any more disregard the earlier panel's opinion than it may disregard a ruling of the Supreme Court."). Thus, I dissent from the majority's erroneous conclusion that Allen raises a cognizable "actual innocence" claim for purposes of the escape hatch.[1]    The majority's expansion of actual innocence jurisdiction is inconsistent with both Supreme Court and Ninth Circuit precedent. I would affirm the district court's dismissal of Allen's petition under 28 U.S.C. § 2241 for lack of jurisdiction.

## I.

In general, the "exclusive procedural mechanism" by which a federal prisoner may challenge the legality of his detention is a habeas petition under 28 U.S.C. § 2255. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (citation omitted). Restrictions on the availability of a § 2255 motion generally cannot be avoided through a petition under 28 U.S.C. § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). The only exception to that rule—termed the

---

[1] I agree with the majority that, even though Allen has been released and his sentence reduced to time served pursuant to § 404 of the First Step Act, the certified issue before us is not moot given Allen's current supervised release status. *See Mujahid v. Daniels*, 413 F.3d 991, 995 (9th Cir. 2005) ("The 'possibility' that the sentencing court would use its discretion to reduce a term of supervised release . . . was enough to prevent the petition from being moot.").

§ 2255(e) "escape hatch" or "savings clause"—permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam) (quoting 28 U.S.C. § 2255(e)).

"Along with many of our sister circuits, we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898 (quoting *Ivy*, 328 F.3d at 1060) (also citing several other circuit cases). In this circuit, a petitioner's claim of actual innocence for purposes of the escape hatch of § 2255 must meet the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998): "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (quoting *Bousley*, 523 U.S. at 623).

Under the *Bousley* standard, "[a]ctual innocence means factual innocence, not mere legal insufficiency." 523 U.S. at 623. Accordingly, we held in *Marrero* that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." 682 F.3d at 1195. Allen's argument that he is "actually innocent" of being a career offender under the Sentencing Guidelines due to the intervening Supreme Court decisions in *Descamps* and *Mathis* is a "purely legal" claim that is essentially no different than the one we rejected in *Marrero*. As such, Allen

fails to raise a cognizable actual innocence claim for purposes of the escape hatch, and the district court properly dismissed his § 2241 petition for lack of jurisdiction. This should be the end of the matter under our authority as a three-judge panel.

II.

In spite of *Marrero*'s unequivocal holding, the majority makes several attempts to evade its reach, none of which are persuasive. The majority first contends that Allen's actual innocence claim is different from the claim we rejected in *Marrero* because "Marrero did not contend that he was innocent of the felonies that qualified as crimes of violence or controlled substance offenses" under the applicable career offender provision in the Sentencing Guidelines.

But Allen, too, does not claim to be actually innocent of any of his underlying predicate offenses, which, at the time of sentencing, qualified him as a career offender under the Sentencing Guidelines; nor does Allen otherwise challenge the validity of any of his predicate convictions. Rather, like Marrero, Allen claims that his predicate convictions no longer qualify him for the career offender designation due to an intervening change in law. Such a claim, like Marrero's, "is a purely legal claim that has nothing to do with factual innocence." *Marrero*, 682 F.3d at 1193. Put differently, whether Allen's prior convictions constitute "controlled substance offenses" to qualify him as a career offender under the Sentencing Guidelines is as much of a "purely legal" question as whether two of Marrero's prior convictions were "related" offenses for the purposes of qualifying for the same career offender designation under the Guidelines. That Allen dresses his claim in slightly more direct "actual innocence" terms does not hide the true nature of his legal argument.

The majority further attempts to distinguish *Marrero* on the ground that Allen's claim is based on retroactive Supreme Court case law, whereas Marrero's claim was based on a non-retroactive change in the Sentencing Guidelines. This distinction, however, does not place Allen's claim beyond the control of *Marrero*. Our ruling in *Marrero* was not based on any distinction between retroactive and non-retroactive changes in the law, or even on the merits of Marrero's claim. Rather, our conclusion that challenges to wrongful career offender designations are not claims of actual innocence was based entirely on the standard adopted in our circuit for actual innocence claims—which, consistent with the Supreme Court's position in *Bousley*, hinges on factual innocence, and not mere legal insufficiency. *See Marrero*, 682 F.3d at 1193 ("Whatever the merits of Petitioner's argument that he would not qualify as a career offender were he to be sentenced under the post-2007 Guidelines, his claim is not one of actual innocence. 'In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley* . . . .'").

Under this standard, a retroactive change in the law that arguably undercuts the legal correctness of a petitioner's sentence, but does not render him factually innocent of the convictions underlying his sentence (or sentence enhancement), cannot serve as the basis for a cognizable actual innocence claim. A change in the law, even if retroactively applicable, generally cannot and does not change the facts of the past. Applied to Allen, the Supreme Court decisions in *Descamps* and *Mathis*, while retroactive in nature, do not undo his criminal acts on which his sentence was based. Whether Allen's prior convictions qualify him for a career offender enhancement under the Sentencing Guidelines is a legal matter that is unrelated to any question

of Allen's factual innocence of his convictions, and thus does not create a cognizable claim of actual innocence for purposes of the escape hatch.

In fact, we rejected on *Marrero* grounds a near-identical claim to Allen's in *Dorise v. Matevousian*, 692 F. App'x 864, 865 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1023 (2018).[2] There, Dorise claimed that he was "actually innocent" of his career offender designation because his two predicate robbery offenses no longer constituted "crimes of violence" under the Sentencing Guidelines based on the intervening Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Like Allen, Dorise alleged "actual innocence" on the ground that his predicate offenses no longer qualified him as a career offender due to a change in law triggered by new Supreme Court decisions with retroactive application. The panel in *Dorise* rejected the claim, concluding that

> Dorise's claim is not cognizable for the purpose of qualifying to bring a § 2241 petition under the escape hatch. Although presented as an actual innocence claim, Dorise's real argument is that he was incorrectly categorized as a career offender under U.S.S.G. § 4B1.1. As in *Marrero*, this claim is purely legal and "has nothing to do with factual innocence."

---

[2] An unpublished memorandum disposition may not be precedential, but its existence rebuts the assertion that this is an issue of first impression.

*Dorise*, 692 F. App'x at 865. Like Marrero and Dorise, Allen's real claim is that he was incorrectly categorized as a career offender under the Sentencing Guidelines, which is a "purely legal" claim that is not cognizable "for the purpose of qualifying to bring a § 2241 petition under the escape hatch." *Id.*

## III.

The majority's endeavor to reach the question left open in *Marrero*—which is, "whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch"—is likewise misguided. 682 F.3d at 1193–94. In *Marrero*, we noted that other circuits "have recognized exceptions" to this general rule, and briefly summarized three general categories of exceptions, the second of which is the suggestion by some courts that "a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible." *Id*. at 1194. The majority suggests that this exception extends to Allen's claim—which *Marrero* did not endorse for our court, but merely recognized from a few extra-circuit cases—because his career offender designation "increased his minimum sentence under the mandatory Guidelines from 235 months to 262 months and disqualified him from receiving an otherwise available downward departure." As the majority admits, however, the cases defining this exception have limited it to claims that the petitioner received a sentence that exceeded the *statutory* maximum, rather than simply an incorrect sentencing range calculation under the Guidelines.[3] And

---

[3] *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) ("A challenge to the sentencing court's guidelines calculation . . . only challenges the legal process used to sentence a defendant and does not

here, Allen received a sentence for which he was eligible, regardless of whether his career offender designation was correct.[4]

The majority justifies its leap of logic by contending that this restriction of *Marrero*'s "second exception" turned largely on "the advisory nature of the post-*Booker* guidelines." Thus, according to the majority, this restriction does not apply to prisoners, like Allen, who were sentenced under the mandatory guidelines, particularly after *Alleyne v. United States*, 570 U.S. 99 (2013). But *Alleyne* said nothing about the meaning of an "actual innocence" claim or the § 2255 escape hatch, and the majority's proposition lacks any direct legal support from *Marrero* or any other relevant cases. Furthermore, if the majority is correct, any challenge to a sentencing factor that increased the petitioner's minimum sentence under the pre-*Booker* guidelines—which is, essentially, any garden-variety challenge to a court's pre-*Booker* sentencing range calculation—would qualify as an "actual innocence" claim for purposes of the escape hatch.

---

raise an argument that the defendant is ineligible for the sentence she received. The Supreme Court did not intend the 'actual innocence' exception to save such procedural claims."); *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (declining to decide whether a petitioner could bring a § 2241 petition under the savings clause if "he was sentenced to a term of imprisonment exceeding the statutory maximum").

[4] At the time of sentencing, Allen was sentenced to 262 months on his conspiracy count, which was the minimum sentence at the bottom of the Guideline range based on his career offender designation. If he had not been designated a career offender, his applicable Guideline range on the conspiracy count would have been 235 to 293 months—meaning, he would have still been eligible for the 262-month sentence he received. Accordingly, Allen would not qualify for relief under this exception.

Under the majority's reasoning, an exception that the Supreme Court reserved for the "extraordinary case" seems not so extraordinary anymore. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.").

## IV.

I also take exception to the majority's holding that "to the extent that *Mathis* and *Descamps* may be thought to have announced a new rule . . . the rule is one of substance rather than procedure." First, there is no need to reach the question of the retroactivity of *Descamps* and *Mathis* under *Teague v. Lane*, 489 U.S. 288 (1989),[5] in this case. Neither party raised this issue (either before us or below), and regardless of whether *Teague* applies here, Allen is still unable to meet the first requirement of an "actual innocence" claim for escape hatch jurisdiction.

---

[5] In *Teague,* the Supreme Court laid out a framework for "determining whether a rule announced in one of [its] opinions should be applied retroactively to judgments in criminal cases that are already final on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). "Under the *Teague* framework, an old rule applies both on direct and collateral review, while a new rule is generally applicable only to cases that are still on direct review." *Id.* A new rule is one that "breaks new ground," "imposes a new obligation on the States or the Federal Government," or was not "*dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original).

Second, the majority's holding is wrong because *Descamps* and *Mathis* neither issued a "new rule" nor "one of substance rather than procedure." To start, the majority's holding that these Supreme Court decisions issued a "new rule" is directly contradicted by prior precedent, in which we have held otherwise. *See Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("The Supreme Court did not announce a new rule in *Descamps*. *Descamps* did not impose a new obligation nor did it break new ground."); *Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017) ("We now join our sister circuits in definitively holding that *Mathis* did *not* establish a new rule of constitutional law."). Rather than issuing a new rule, both *Descamps* and *Mathis* simply clarified existing precedent regarding the application of the categorical and modified categorical approach under the Armed Career Criminal Act (ACCA). *See Descamps,* 570 U.S. at 260 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."); *Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."); *United States v. Martinez-Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017) ("*Mathis* did not change the rule stated in *Descamps*; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements."); *United States v. Quintero-Junco,* 754 F.3d 746, 751 (9th Cir. 2014) ("As the Supreme Court recently clarified in *Descamps,* courts may employ the modified categorical approach only when the statute of conviction is 'divisible . . . .'").[6]

---

[6] Because *Descamps* and *Mathis* did not announce a new rule, Allen's *Descamps*/*Mathis* claim is not necessarily governed by the *Teague* doctrine. But whether or not *Teague* applies in this case still has no

Furthermore, even if we were to assume that *Descamps* and *Mathis* announced a "new rule" for the purposes of *Teague*, the majority errs in characterizing the rule as substantive rather than procedural. A rule is "substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). Substantive rules include "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id*. at 351–52 (citations omitted); *see also Saffle v. Parks*, 494 U.S. 484, 494 (1990) ("The [substantive rule] exception permits the retroactive application of a new rule if the rule places a class of private conduct beyond the power of the State to proscribe, or addresses a 'substantive categorical guarante[e] accorded by the Constitution,' such as a rule 'prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" (citations omitted)).

"Procedural rules, by contrast, 'regulate only the *manner of determining* the defendant's culpability,'" and "alter 'the range of permissible methods for determining whether a defendant's conduct is punishable.'" *Welch*, 136 S. Ct. at 1265 (quoting *Summerlin*, 542 U.S. at 353 (emphasis in original)). "They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the

bearing on whether Allen can raise his claim in a § 2241 petition given that it fails to qualify as a claim of "actual innocence" for purposes of the § 2255 escape hatch.

invalidated procedure might have been acquitted otherwise."
*Id*.

*Descamps* and *Mathis* did not issue a substantive rule
because these decisions did not modify the elements of an
offense as defined in a criminal statute, and thereby "alter the
range of conduct the statute punishes"—such as the rule
recognized in *Bousley*.[7]  *See Summerlin*, 542 U.S. at 354 ("A
decision that modifies the elements of an offense is normally
substantive rather than procedural. New elements alter the
range of conduct the statute punishes, rendering some
formerly unlawful conduct lawful or vice versa.").  Nor did
*Descamps* and *Mathis* issue "constitutional determinations
that place particular conduct or persons covered by the statute
beyond the State's power to punish," *id*. at 352, such as the
Eighth Amendment rules recognized in *Penry v. Lynaugh*,
492 U.S. 302 (1989).[8]  Instead, *Descamps* and *Mathis* merely
instructed sentencing courts how to apply the "categorical
approach" set forth in *Taylor v. United States*, 495 U.S. 575
(1990), in determining whether a defendant's prior state

---

[7] In *Bousley*, the Court concluded that petitioner's *Bailey* claim was
not barred by *Teague* because *Bailey* issued a substantive, rather than
procedural, new rule.  The new rule announced in *Bailey* was that a
conviction for use of a firearm under § 924(c)(1) requires the government
prove "active employment of the firearm," and not mere possession.
*Bailey,* 516 U.S. at 144.

[8] In *Penry*, the Supreme Court noted that its prior decisions holding
"that the Eighth Amendment, as a substantive matter, prohibits imposing
the death penalty on a certain class of defendants because of their status,
or because of the nature of their offense," fell within the *Teague*
"substantive rule" exception.  492 U.S. at 329–30 (citations omitted).

conviction meets a predicate offense under the ACCA.[9]  In that way, *Descamps* and *Mathis* "regulate[d] only the *manner of determining*" a defendant's qualification for a sentencing enhancement: specifically, by clarifying the circumstances under which a sentencing court could look to extra-statutory documents in its analysis (*i.e.*, the modified categorical approach) as opposed to only the statutory elements (*i.e.*, the categorical approach).  *Welch*, 136 S. Ct. at 1265 (quoting *Summerlin*, 542 U.S. at 353).  Thus, like other procedural rules, the holdings in *Descamps* and *Mathis* did "not produce a class of persons convicted of conduct the law does not make criminal," but only altered "the range of permissible methods for determining" whether a defendant's predicate convictions qualify him for a sentencing enhancement.  *Id*.

The majority cursorily asserts that *Descamps* and *Mathis* announced a substantive rule because, like "other decisions

---

[9] The *Taylor* categorical approach requires sentencing courts to "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."  *Taylor*, 495 U.S. at 600. If the statutory elements under which a defendant was convicted "are the same as, or narrower than, those of the generic offense," the prior conviction qualifies as a predicate offense under the ACCA.  *Descamps*, 570 U.S. at 257.  "But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id*. at 261.    The Supreme Court has "approved a variant of this method—labeled (not very inventively) the 'modified categorical approach'—when a prior conviction is for violating a so-called 'divisible statute,'" which is, a statute that "sets out one or more elements of the offense in the alternative."  *Id*. at 257.  Under the "modified categorical approach," sentencing courts may look beyond the statutory elements and "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction."  *Id*.

interpreting the reach of federal sentencing enhancements," they "altered 'the range of conduct . . . that the law punishes,'" citing to *Welch* and *Alaimalo v. United States*, 645 F.3d 1042 (9th Cir. 2011). But neither of these cases support the majority's contention. In *Welch*, the Supreme Court held that its decision in *Johnson*—which ruled that the residual clause of the ACCA was unconstitutionally vague under due process principles—announced a new substantive rule. 136 S. Ct. at 1268. The rule announced in *Johnson* was substantive, however, because it fell within the category of "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Summerlin,* 542 U.S. at 352. In contrast, *Descamps* and *Mathis* did not make any constitutional determinations whatsoever. *See Ezell*, 778 F.3d at 766 ("But even if the Supreme Court did announce a new rule in *Descamps*, that rule is not constitutional. *Descamps* is a statutory interpretation case . . . ."). *Alaimalo* is likewise inapposite here. The "new rule" considered in that case came from the Ninth Circuit decision in *United States v. Cabaccang*, 332 F.3d 622, 623 (9th Cir.2003) (en banc), which "held that transporting drugs from one location within the United States (California) to another (Guam) does not constitute importation within the meaning of 21 U.S.C. § 952(a)." *Alaimalo*, 645 F.3d at 1046. This rule from *Cabaccang* was substantive because it fell squarely within the category of "decisions that narrow the scope of a criminal statute by interpreting its terms." *Summerlin*, 542 U.S. at 351. *Descamps* and *Mathis*, in contrast, did not narrow the substantive elements of a federal criminal statute or otherwise "place[] a class of private conduct beyond the power of the State to proscribe." *Parks*, 494 U.S. at 494.

In short, the majority errs in concluding that, to the extent *Descamps* and *Mathis* announced a new rule under the *Teague* framework, it qualifies as a substantive one. But there is simply no need for the majority to reach this question where the issue has not been raised or contested by any party in this case, and it has no impact on Allen's inability to raise his claim in a § 2241 petition given his failure to allege a claim of actual innocence.

V.

A few final remarks. First, I do not deny the possibility that a petitioner might qualify for the escape hatch by raising a claim of actual innocence based on a new interpretation of the law. For instance, if Allen claimed that he was actually innocent of one of his predicate convictions that triggered his career offender designation because an intervening Supreme Court decision held that the conduct for which he was convicted was not actually criminal, we might have jurisdiction under the escape hatch. *See Alaimalo*, 645 F.3d at 1047 (holding that the petitioner "made a showing of actual innocence" because he was convicted of conduct that a later court decision held was "not a crime"); *see also Bousley*, 523 U.S. at 620 ("[D]ecisions of this Court holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" (citations omitted)). But Allen presents no such case here. An actual innocence claim, even if derived in part from a new interpretation of the law, remains focused on the facts pertaining to the underlying conduct or conviction challenged. Whether Allen's predicate crimes qualify him for the career offender designation under the Sentencing Guidelines is a legal conclusion, not a fact of which Allen can

be "actually innocent" for the purposes of the escape hatch. Because Allen's claim is controlled by *Marrero*, the district court properly dismissed Allen's § 2241 petition.

Second, I recognize that there is currently a circuit split on this issue. Some other circuits have allowed sentencing challenges similar to Allen's under the escape hatch. *See, e.g.*, *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018); *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018); *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). But these circuits, unlike ours, do not read § 2255(e) to require a petitioner to bring an actual innocence claim in order to be entitled to escape hatch jurisdiction. Thus, if we want to follow these circuits in their treatment of claims like Allen's, we would need to abandon the actual innocence requirement clearly set forth in our own controlling precedent—which we cannot do as a three-judge panel. The majority's use of the "actual innocence" rubric does not disguise its blunt and unpersuasive departure from both Ninth Circuit and Supreme Court precedent.

Finally, I fear the majority's expansion of actual innocence jurisdiction opens the proverbial floodgate for habeas petitions under the escape hatch. Numerous federal prisoners may be encouraged to file challenges under 28 U.S.C. § 2241 on the ground that some post-sentence development in the law—whether it be by legislation, judicial opinion, or a revision of the Sentencing Guidelines—has rendered them "actually innocent" of a sentencing enhancement that they received. Allowing them to do so

undoubtedly circumvents and flouts Congress' intent in establishing the "exclusive procedural mechanism" in 28 U.S.C. § 2255.

I respectfully dissent.