NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMADOR SANCHEZ MENDOZA, | No.    19-36030 |
| Petitioner-Appellant, | D.C. No. 3:19-cv-00627-SI |
| v. | |
| J. SALAZAR, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted August 9, 2021[**]
Seattle, Washington

Before:  BEA, BRESS, and VANDYKE, Circuit Judges.

Amador Mendoza pleaded guilty in federal court to two counts of possession with intent to distribute 50 grams or more of actual methamphetamine.  He was designated as a "career offender" under U.S.S.G. § 4B1.1, but nonetheless received a below-Guidelines-range sentence of 180 months.  He now seeks review of the

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's dismissal of his habeas petition under 28 U.S.C. § 2241. We review the dismissal of a § 2241 petition de novo. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza claims that he is "actually innocent" of his sentence because his prior state criminal convictions were not predicate crimes for his designation as a "career offender" under § 4B1.1 of the Sentencing Guidelines, which increased the advisory sentencing range. But under our recent decision in *Shepherd v. Unknown Party*, — F.4th —, No. 19-15834, 2021 WL 3085784 (9th Cir. July 22, 2021) (per curiam), this is not a cognizable "actual innocence" claim under § 2241. *See id.* at *2 (explaining that our prior decision in *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020), in which we held that the petitioner could claim "actual innocence" of a career offender enhancement, "is limited to petitioners who received a mandatory sentence under a mandatory sentencing scheme") (internal quotation marks and citation omitted).[1]

Even if Mendoza's § 2241 theory were viable, we agree with the district court that Mendoza also fails to show he is entitled to relief on "the specific facts of this case." *Shepherd*, 2021 WL 3085784, at *3 (quoting *Gibbs v. United States*, 655 F.3d

---

[1] Mendoza also contends, in his reply brief, that the case should be remanded because his state drug convictions were invalidated by *Washington v. Blake*, 481 P.3d 521 (Wash. 2021). But *Blake* concerns state offenses that lack mens rea requirements. *Id.* at 533–34. Mendoza has not shown that *Blake* applies to this case.

2

473, 479 (6th Cir. 2011)). In *Shepherd*, the petitioner's 190-month sentence was below the advisory range both with the career-offender enhancement (248–295 months' imprisonment) and without it (228–270 months' imprisonment). *Id.* We explained in *Shepherd* that this provided another reason why the petitioner was not entitled to § 2241 relief. *Id.*

Mendoza's case presents analogous circumstances. His sentence was below the career offender Guideline range and the non-career offender Guideline range at the time of sentencing. Mendoza's sentence also fell within the agreed-upon sentencing range in his plea agreement and the sentencing range provided by the 2014 drug quantity table amendments, which allowed for discretionary re-sentencing. Mendoza has provided no plausible basis as to why the district court would have given him a lower sentence absent his career offender designation.

**AFFIRMED.**