**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDWIN MARRERO,
          *Petitioner-Appellant,*

v.

RICHARD B. IVES, Warden;
JONATHAN KING, Prosecutor; PAUL
DELACOURT, FBI Agent,
          *Respondents-Appellees.*

No. 09-16053

D.C. No.
2:08-cv-01853-
FCD-DAD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Argued and Submitted
April 19, 2012—San Francisco, California

Filed June 19, 2012

Before: Mary M. Schroeder, Sidney R. Thomas, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

## COUNSEL

Quin Denvir, Davis, California, for the petitioner-appellant.

Mark J. McKeon, Assistant United States Attorney, Fresno, California, for the respondents-appellees.

## OPINION

GRABER, Circuit Judge:

Petitioner Edwin Marrero filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, in the Eastern District of California. The district court construed the petition as a motion under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction. We affirm.

The government charged Petitioner, in the United States District Court for the Northern District of Illinois, with two

counts of interference with interstate commerce by threat or violence, in violation of 18 U.S.C. § 1951, and use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924. The jury convicted him on all counts. After classifying Petitioner as a career offender under the United States Sentencing Guidelines, the court sentenced him to 240 months' imprisonment on counts 1 and 2 and an additional 84 months' imprisonment for the firearm charge.

Petitioner appealed to the Seventh Circuit, which affirmed the convictions and sentence in 2002. The United States Supreme Court denied certiorari. Petitioner then filed a motion under § 2255 to vacate or set aside his sentence, which the District Court for the Northern District of Illinois denied. According to Petitioner, he did not receive notice of that denial until almost a year later. He then filed a Notice of Appeal with respect to the § 2255 proceeding, which the court dismissed as untimely.

Several months after that dismissal, in 2008, Petitioner filed a pro se habeas petition under § 2241 in the Eastern District of California, the jurisdiction in which he was then incarcerated. Concluding that Petitioner had failed to make an adequate claim of actual innocence, the district court construed the petition as a § 2255 motion and dismissed it for lack of jurisdiction. Petitioner timely appeals. We review de novo the dismissal of a habeas petition. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

**[1]** A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). There is, however, an exception to that general rule. Under the "es-

cape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (internal quotation marks omitted). We have held that a prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at 898 (internal quotation marks omitted).

**[2]** Petitioner makes two separate claims of "actual innocence." First, Petitioner uses the phrase "actual innocence" in his petition and seems to suggest that he was wrongly convicted. Construing his pro se filing liberally, *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010), Petitioner may have intended to raise the claim that he was factually innocent of his crimes of conviction. But he introduced no evidence tending to show that he did not commit the robberies underlying his convictions. Thus, even if Petitioner raised a claim of factual innocence, he failed to demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (internal quotation marks omitted). Furthermore, Petitioner has not demonstrated that he never had an "unobstructed procedural shot" at presenting the claim that he was factually innocent of his crimes. Although he asserts that he did not receive timely notice of the Illinois district court's dismissal of his § 2255 motion, he fails to argue that "the legal basis for [his] claim did not arise until after he had exhausted his direct appeal and first § 2255 motion." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted). He therefore fails to meet either requirement for filing a § 2241 petition under the escape hatch.

Second, Petitioner argues that he is "actually innocent" of being a career offender under the Sentencing Guidelines. He argues that, under the 2007 amendments to the Sentencing Guidelines, two of his prior convictions are now considered "related" offenses, because he was sentenced for them on the

same day, and that he therefore would not qualify as a career offender. *Compare* U.S.S.G. § 4A1.2 cmt. n.3 (2000) *with* U.S.S.G. § 4A1.2(a)(2) (2007).

**[3]** Whatever the merits of Petitioner's argument that he would not qualify as a career offender were he to be sentenced under the post-2007 Guidelines, his claim is not one of actual innocence. "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614[, 623] (1998)." *Stephens*, 464 F.3d at 898. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. We have not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch. It is clear, however, that Petitioner's claim that two of his prior offenses should no longer be considered "related," and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence. Accordingly, it is not a cognizable claim of "actual innocence" for the purposes of qualifying to bring a § 2241 petition under the escape hatch.

**[4]** Our sister circuits are in accord that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement. *See Bradford v. Tamez (In re Bradford)*, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam) ("[A] claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241."); *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."), *cert. denied*, 132 S. Ct. 1001 (2012); *Unthank v.*

*Jett*, 549 F.3d 534, 536 (7th Cir. 2008) (holding that actual innocence, under the escape hatch, is factual innocence of the crime of conviction); *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (noting that "[m]ost courts have required a credible allegation of actual innocence to access the savings clause" and holding that the petitioner failed to make such a showing where he did not claim actual innocence of the crime of conviction or allege that he was sentenced to a greater term of imprisonment than authorized by statute); *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of [the petitioner's] three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence."); *Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding that the petitioner could not qualify for the escape hatch where he merely challenged his sentence and did not claim factual innocence of the crime of conviction); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (holding that petitioners cannot qualify for the escape hatch when they "do not argue innocence but instead challenge their sentences").

Nonetheless, Petitioner argues that we previously have held that sentencing claims may be brought under the escape hatch. He relies on *Harrison v. Ollison*, 519 F.3d 952 (9th Cir. 2008), and *Hernandez v. Campbell*, 204 F.3d 861 (9th Cir. 2000) (per curiam), for that proposition. His reliance is misplaced. In *Harrison*, the petitioner claimed that a subsequent clarification of the statute under which he was convicted rendered him actually innocent *of the crime of conviction. See Harrison*, 519 F.3d at 959 ("[The petitioner] contends that under the Supreme Court's interpretation of § 844(i) in *Jones*, the conduct for which he was convicted no longer violates the statute because the boat and van he destroyed were not used in and did not affect interstate commerce.").

In *Hernandez*, we held only that the district court must answer the threshold jurisdictional question whether a petition is properly brought under § 2241 or is, instead, a disguised § 2255 motion, before it can proceed to the merits of the claim. 204 F.3d at 866. Because the district court had failed to decide whether the petitioner's challenge to his sentence qualified for the escape hatch, we remanded to allow the district court to consider that question in the first instance. *Id.* at 863-64, 866. We said nothing about whether the petitioner's challenge to his sentence could qualify as a claim of "actual innocence" for the purpose of filing a § 2241 petition under the escape hatch.[1]

As a final matter, we note that some of our sister circuits have recognized exceptions to the general rule that a petitioner cannot be actually innocent of a noncapital sentence under the escape hatch. Those exceptions generally fall into three categories. First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was *factually* innocent of the crime that served as the predicate conviction for the enhancement. *McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011), *petition for cert. filed*, ___ U.S.L.W. ___, (U.S. Apr. 23, 2012) (No. 11-9985); *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir.), *cert. denied*, 131 S. Ct. 620 (2010); *Poindexter*, 333 F.3d at 381-82; *Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994). Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir. 2011) ("A challenge to the sentencing court's guidelines calculation . . . only challenges

---

[1]Furthermore, we decided *Hernandez* before we had established a test for when federal prisoners could resort to the escape hatch to file a § 2241 petition. *See Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000) ("We have not considered when, or whether, a federal prisoner may resort to § 2241 in order to avoid the limitations on second or successive petitions contained in § 2255.").

the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence she received. The Supreme Court did not intend the 'actual innocence' exception to save such procedural claims."), *cert. denied*, 2012 WL 1252782 (U.S. Apr. 16, 2012) (No. 11-8151); *Gilbert*, 640 F.3d at 1323 (declining to decide whether a petitioner could bring a § 2241 petition under the savings clause if "he was sentenced to a term of imprisonment exceeding the statutory maximum"). And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation. *Trenkler*, 536 F.3d at 99-100; *Higgins v. Smith*, 991 F.2d 440, 441-42 (8th Cir. 1993).

**[5]** We need not and do not decide whether to endorse any of the exceptions recognized in other circuits, because Petitioner does not qualify for any of them. Petitioner does not claim that he was factually innocent of his prior convictions, nor does he argue that he was statutorily ineligible for the sentence he received, nor does he allege a constitutional violation. We simply hold that the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch. Because Petitioner failed to meet the escape hatch criteria, he cannot bring his claims in a § 2241 petition. We therefore affirm the district court's dismissal of the petition for lack of jurisdiction.

AFFIRMED.