**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-36023 |
| Plaintiff - Appellee, | D.C. Nos. 2:13-cv-00024-DWM<br>2:03-cr-00028-DWM-1 |
| v. | |
| JOHN MORGAN MEEKS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted August 31, 2015
Seattle, Washington

Before: GOODWIN, GOULD, and IKUTA, Circuit Judges.

Petitioner John Meeks appeals the dismissal of his motion to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255. The district court held that

his motion did not qualify as a petition under 28 U.S.C. § 2241, and dismissed it as

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

an unauthorized second or successive § 2255 motion.  We have appellate jurisdiction under 28 U.S.C. § 1291.

The district court had jurisdiction to determine "the threshold question whether [Meeks's] petition was properly brought under § 2241 or whether the filing should instead be construed as a § 2255 motion."  *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *see also Hernandez v. Campbell*, 204 F.3d 861, 865–66 (9th Cir. 2000).  We may consider the district court's determination that a § 2241 petition is not available even though the district court is not the custodial court. *See Muth*, 676 F.3d at 819.

The district court did not err when it concluded that Meeks failed to satisfy the requirement of the § 2255(e) escape hatch because Meeks has not plausibly shown that he was actually innocent of the career offender sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).  Even if it is possible for a petitioner to "be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch," *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012), Meeks has not made any showing that he is statutorily ineligible (and therefore actually innocent) of his sentence in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013).

**PETITION DISMISSED.**