**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO RIOS-VIZCARRA, | No. 14-17234 |
| Petitioner-Appellant, | D.C. No. 1:14-cv-00875-LJO-MJS |
| v. | |
| GEORGE WIGEN, Warden, Moshannon Valley Correctional Institution, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neil, Chief District Judge, Presiding

Submitted October 17, 2016**
San Francisco, California

Before: KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

Petitioner Rios-Vizcarra appeals the dismissal of his motion to vacate, set

aside, or correct his sentence under 28 U.S.C. § 2255. Rios-Vizcarra claims that a

prior state conviction in California should not be construed as a "prior drug felony"

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for the purposes of 21 U.S.C. § 841(b)(1)(A) after the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013). The district court held that his motion did not qualify as a petition under 28 U.S.C. § 2241, because it did not claim actual innocence, and dismissed it. We have appellate jurisdiction under 28 U.S.C. § 1291, and affirm.

The district court did not err when it concluded that Rios-Vizcarra failed to satisfy the requirement of the § 2255(e) escape hatch. Even if it is possible for a petitioner to "be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch," Marrero v. Ives, 682 F.3d 1190, 1193, (9th Cir. 2012), Rios-Vizcarra fails to make a plausible showing of actual innocence. Rios-Vizcarra does not allege that he was factually innocent of the state conviction, nor was Rios-Vizcarra statutorily ineligible to receive his sentence, either with or without the enhancement. Finally, Rios-Vizcarra's sentence poses no violation of constitutional rights. Failing to meet any of the possible exceptions to the § 2255(e) escape hatch for noncapital sentencing enhancements outlined in Marrero, 682 F.3d at 1193–95, Rios-Vizcarra cannot bring a § 2241 petition to challenge his sentence.

**AFFIRMED**.