**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKHAEL CHARLES DORISE, | No. 16-15822 |
| Petitioner-Appellant, | D.C. No. 1:15-cv-01197-DAD-SKO |
| v. | |
| ANDRE MATEVOUSIAN, AKA Andre Mantevousian, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted May 17, 2017
San Francisco, California

Before: THOMAS, Chief Judge, MURGUIA, Circuit Judge, and MCCALLA,**
District Judge.

Appellant Mikhael C. Dorise is a federal prisoner appealing from the district

court's judgment dismissing his 28 U.S.C. § 2241 habeas petition. Dorise

specifically argues that he properly evoked the "escape hatch" provision under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

§ 2255(e) in his § 2241 petition because his prior convictions for robbery under Texas Penal Code § 29.02 were not "crimes of violence" for the purposes of the career offender guideline, U.S.S.G. § 4B1.2. The district court concluded that Dorise failed to demonstrate actual innocence of a sentencing enhancement, and denied the petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

When § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention," a petitioner may file a § 2241 petition. 28 U.S.C. § 2255(e). "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)). The first element is dispositive here.

Dorise argues he is "actually innocent" of his career offender status because his two predicate robbery offenses constituted "crimes of violence" under the Guidelines' residual clause in § 4B1.2(a)(2), which he alleges is unconstitutionally vague. Dorise relies on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), which retroactively invalidated the residual clause of the Armed Career Criminal Act as unconstitutionally vague. Dorise also relies on the Supreme Court's recent holding

2

in *Beckles v. United States*, 137 S. Ct. 886, 897(2017), that an advisory sentencing enhancement under the residual clause in § 4B1.2(a)(2) is not void for vagueness.

Although this court found "a petitioner generally cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement[,]" it left open "the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012); *see also Ezell v. United States*, 778 F.3d 762, 765 n.3 (9th Cir. 2015).

Even if we decided that the actual innocence exception applies to noncapital sentencing cases, Dorise's claim is not cognizable for the purpose of qualifying to bring a § 2241 petition under the escape hatch. Although presented as an actual innocence claim, Dorise's real argument is that he was incorrectly categorized as a career offender under U.S.S.G. § 4B1.1. As in *Marrero*, this claim is purely legal and "has nothing to do with factual innocence." 682 F.3d at 1193. Dorise has not raised a constitutional claim, *see, e.g.*, *Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) ("Gilbert's claim that a sentencing guidelines was misapplied to him is not a constitutional claim."), and even without the career offender enhancement, he was statutorily eligible for the sentence he received. *See* 18 U.S.C. §§ 922(g), 924(a)(2), 924(c)(1)(A)(i)–(ii) (2004); 18 U.S.C. § 2113 (a), (d) (2002). Therefore, Dorise cannot bring his claim in a § 2241 petition.

We agree with the district court that Dorise has not established actual innocence of a sentencing enhancement.

AFFIRMED.[1]

---

[1] The Court GRANTS Dorise's motion for judicial notice of federal court records in *United States v. Dorise*, including his criminal and related appellate records.