**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 23 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFTON MILTON, | No. 18-15874 |
| Petitioner-Appellant, | D.C. No. 4:18-cv-00178-RM-BPV |
| v. | |
| J. T. SHARTLE, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Federal prisoner Clifton Milton appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition challenging his conviction and sentence for conspiracy to distribute and possession with intent to distribute heroin.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo the district court's dismissal of a section 2241 petition, *see Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012), and we affirm.

Milton argues that the district court violated Federal Rule of Criminal Procedure 11 at his sentencing hearing, and that he may proceed with this claim under 28 U.S.C. § 2241 because the alleged violation resulted in a miscarriage of justice. This argument fails because Milton has failed to allege or demonstrate that he is actually innocent for purposes of the "escape hatch" of 28 U.S.C. § 2255(e). *See Ives*, 682 F.3d at 1195. Accordingly, the district court properly dismissed Milton's petition for lack of jurisdiction. *See Harrison v. Ollison*, 519 F.3d 952, 961-62 (9th Cir. 2008). Moreover, contrary to Milton's contention, no evidentiary hearing was required in the district court because the record conclusively shows that Milton is not entitled to relief under section 2241. *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990).

**AFFIRMED.**