**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN G. LEWIS,

Petitioner-Appellant,

v.

JOSIAS SALAZAR,

Respondent-Appellee.

No. 19-35018

D.C. No. 3:18-cv-01091-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted September 2, 2020
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,[**] District
Judge.

Petitioner Martin G. Lewis appeals the district court's decision denying his

28 U.S.C. § 2241 habeas petition for want of jurisdiction. The parties are familiar

with the facts, so we do not repeat them here. Jurisdiction over petitioner's appeal

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Virginia M. Kendall, United States District Judge for the
Northern District of Illinois, sitting by designation.

is conferred by 28 U.S.C. §§ 1291 and 2253. The Court reviews the dismissal of a habeas corpus petition de novo. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The Court also reviews de novo whether a district court has jurisdiction over a § 2241 petition. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). We affirm.

A federal prisoner who wishes to challenge the legality of his federal conviction or sentence generally must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008). Only the sentencing court has jurisdiction in a § 2255 case. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curium). A prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. *Id.*

Despite the limitations, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. *Harrison*, 519 F.3d at 956. "[I]f, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897). We have recognized that it is a narrow exception. *Ivy*, 328 F.3d at 1059. The exception will not apply merely because

2

§ 2255's gatekeeping provisions, such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. *Id.*

We have held that § 2255 provides an "inadequate or ineffective" remedy, allowing a petitioner to proceed under § 2241, when the petitioner: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (quoting *Stephens*, 464 F.3d at 898); *accord Marrero*, 682 F.3d at 1192.

Lewis believes the district court erred when it concluded that he had an adequate procedural opportunity to present his claim that *Burrage v. United States*, 571 U.S. 204 (2014), has retroactive effect on the grounds that he raised it in two other courts after his first § 2255 motion. Lewis argues this is reversible error under *Alaimalo v. United States*, 645 F.3d 1042 (9th Cir. 2011). According to Lewis, the correct timeframe under the inadequate or ineffective remedy framework stops at the time he exhausted his first § 2255 motion because later proceedings were "incorrectly barred on procedural grounds."

*Alaimalo* explains that in determining whether the petitioner had an adequate procedural opportunity, the court considers: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's

3

claim after that first § 2255 motion." 645 F.3d at 1047 (citing *Harrison*, 519 F.3d at 960). The district court reasoned that while Lewis did not have an opportunity to present his claim that *Burrage* has retroactive effect during his direct appeal or his first § 2255 motion, he had already presented the claim in two separate motions for leave to file a successive § 2255 motion in the Second Circuit and in another § 2241 habeas action in the Eleventh Circuit.

Because Lewis has already had multiple opportunities to bring his *Burrage* claim, he cannot show that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. The district court was correct to dismiss Lewis's petition for want of jurisdiction.

**AFFIRMED.**