**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-55830 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-04622-TJH<br>2:98-cr-00682-RAP-1 |
| v. | |
| SCOTT WEHMHOEFER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted June 1, 2020
Submission Vacated June 5, 2020
Resubmitted November 13, 2020
Pasadena, California

Before: FERNANDEZ and LEE, Circuit Judges, and ORRICK,[**] District Judge.
Dissent by Judge ORRICK

Scott Wehmhoefer collaterally attacks his sentence via a 28 U.S.C. § 2255

motion. He claims that he was sentenced to life in prison under the residual clause

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William H. Orrick, United States District Judge for the
Northern District of California, sitting by designation.

of the federal three strikes law, 18 U.S.C. § 3559(c)(2)(F)(ii), and asserts that the clause's statutory language is similar to language held void for vagueness by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He also claims actual innocence of his sentence under a 28 U.S.C. § 2241 habeas petition. The district court found Wehmhoefer's § 2255 motion untimely. But the district court proceeded to address his claim under the actual innocence exception to § 2255 that excuses untimeliness or procedural default. The district court held that Wehmhoefer's prior convictions for aggravated robbery in violation of Texas Penal Code § 29.03 constituted serious violent felonies for purposes of the federal three strikes law, 18 U.S.C. § 3559, under the federal provision's force clause. The district court thus rejected his claim of actual innocence and denied habeas relief. Wehmhoefer timely appealed. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the district court's denial of habeas corpus de novo, *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003), and we affirm.

1.      Timeliness: The district court properly denied Wehmhoefer's 28 U.S.C. § 2255 motion as untimely. *See United States v. Blackstone*, 903 F.3d 1020, 1024–29 (9th Cir. 2018). *Blackstone* holds that we lack authority under the Antiterrorism and Effective Death Penalty Act of 1996 to expand retroactive rights for purposes of habeas because a "right that a movant asserts must be 'initially recognized by the Supreme Court.'" 903 F.3d at 1027 (quoting 28 U.S.C. § 2255(f)(3)). The Supreme

Court has not squarely addressed the question of whether the residual clause of 18 U.S.C. § 3559(c) is void for vagueness. Because Wehmhoefer's conviction became final upon denial of certiorari by the Supreme Court in 2002, *see Wehmhoefer v. United States*, 534 U.S. 1095 (2002), and Wehmhoefer filed the present motion in 2016, his motion is 13 years late. *See* 28 U.S.C. § 2255(f)(1).

2.    Actual innocence: Federal prisoners seeking to challenge the legality of their confinement "must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). But one exception is allowed. Under the "escape hatch" provided by § 2255(e), "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id.* at 1192 (quoting *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). A remedy under § 2255 is inadequate, and therefore a § 2241 habeas petition appropriate, where a prisoner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d at 898. Claims of actual innocence may sound in both legal and factual insufficiency. *See Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020). To determine what constitutes an "unobstructed procedural shot," we consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion."

3

*Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (quoting *Ivy*, 328 F.3d at 1060). "If an intervening court decision after a prisoner's direct appeal and first § 2255 motion 'effect[s] a material change in the applicable law[,]' then the prisoner did not have an unobstructed procedural shot to present his claim." *Allen*, 950 F.3d at 1190 (quoting *Alaimalo v. United States*, 645 F.3d 1042, 1047–48 (9th Cir. 2011)).

Wehmhoefer claims legal innocence of his life sentence, not factual innocence of his underlying aggravated robbery convictions. He argues that his prior convictions under Texas Penal Code § 29.03 are not serious violent felonies for purposes of 18 U.S.C. § 3559. *Allen* held that claims sounding in *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) are retroactively applicable. *See Allen*, 950 F.3d at 1190–91. Until *Allen*, Wehmhoefer did not have an unobstructed procedural shot to assert this claim. *See id.* at 1191 (holding that the "legal basis for this argument arose only after [petitioner] had appealed and after he had filed his § 2255 motion"). We thus proceed to the merits of Wehmhoefer's argument.

3.     Merits: Convictions for aggravated robbery under Texas Penal Code § 29.03 constitute enumerated felonies under the federal three strikes law, 18 U.S.C. § 3559.[1] The enumerated clause of § 3559(c)(2)(F)(i) begins with a broad prefatory

---

[1] Aggravated robbery under Texas Penal Code § 29.03 incorporates the elements of standard robbery under § 29.02. *See* Tex. Penal Code Ann. § 29.03(a) ("A person commits an offense if he commits robbery as defined in Section 29.02, and he . . .

statement defining serious violent felony as "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in [18 U.S.C. §§] 2111, 2113, or 2118)." 18 U.S.C. § 3559(c)(2)(F)(i). To determine whether Texas robbery qualifies as a predicate conviction for purposes of 18 U.S.C. § 3559, we must engage in either a categorical or modified categorical analysis. *See Mathis*, 136 S. Ct. at 2248. Under the categorical approach, we consider whether the elements of the state crime match, or are narrower than, the federal offense. *See id.* But if the statute is divisible, we deploy the modified categorical approach. *See id.* at 2249. Under that analysis, we look to a limited class of documents in the record, like an "indictment, jury instructions, or a plea agreement and colloquy," to determine the crime (and its attendant elements) for which the defendant was convicted. *See id.* If the defendant's conviction and its elements are narrower than or coextensive with the federal offense, then the overall offense qualifies as a strike. *See id* at 2250–51.

Texas law is not a categorical match with federal law because, unlike federal law, defendants in Texas may be convicted of robbery involving reckless conduct. *Compare* Tex. Penal Code § 29.02(a)(1) (robbery occurs if during commission of theft defendant "intentionally, knowingly, or recklessly causes bodily injury to

---

uses or exhibits a deadly weapon."). Therefore, if Texas robbery constitutes a serious violent felony (as we conclude), then Texas aggravated robbery is necessarily a serious violent felony.

5

another"), *with* 18 U.S.C. §§ 2111, 2113, 2118 (robbery does not encompass reckless behavior). But Texas Penal Code § 29.02 is a divisible statute.[2]  TPC § 29.02 provides: "A person commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; *or* (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code § 29.02(a) (emphasis added). Robbery-by-injury (§ 29.02(a)(1)) is possible where a defendant is found to have been reckless, but robbery-by-threat (§ 29.02(a)(2)) *only* occurs when a jury finds that a defendant acts either knowingly or intentionally. Differing mens rea requirements are a hallmark of divisibility. *See Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014) (citing *Descamps*, 133 S. Ct. at 2285) (noting that it is "black-letter law that a statute is divisible only if it contains multiple alternative *elements*, as opposed to multiple alternative *means*"). Further, "indivisible statutes are indivisible precisely because the jury need not agree on anything past the fact that the statute was violated. As long as the defendant's conduct violates the statute, the jury can disagree as to how[.]" *Id*. at 1085. (citing

---

[2] Although the Texas Court of Appeals in *Burton v. State*, 510 S.W.3d 232, 237 (Tex. App. 2017) held that "causing bodily injury or threatening the victim are different methods of committing the same offense," it does not undermine our conclusion that Texas Penal Code § 29.03 is divisible.  *See United States v. Lerma*, 877 F.3d 628, 634 n. 4 (5th Cir. 2017) (explaining that "[i]t is unclear whether the [Burton] court was referring to the elements of a crime, the means of satisfying a single element, or the crimes set forth by a statute under a *Mathis* analysis").

*Descamps*, 133 S. Ct. at 2290)).

Because the statute is divisible, we employ the modified categorical approach to assess whether Wehmhoefer's robbery convictions qualify as strikes. The parties agree — and his multiple indictments reflect — that Wehmhoefer was convicted in Texas of robbery-by-threat (§ 29.02(a)(2)). Texas robbery-by-threat matches federal law. *Compare* Tex. Penal Code § 29.02(a)(2), *with* 18 U.S.C. §§ 2111, 2113, 2118. Because the Texas robbery statute is divisible and the provision for which Wehmhoefer was convicted parallels federal law, his convictions were properly held to be a serious violent felonies for purposes of federal three strikes. Any error resulting from the district court's conclusion that robbery in Texas is a serious violent felony under the force clause is harmless; the result does not differ.

**AFFIRMED.**

*USA v. Wehmhoefer*, No. 18-55830

ORRICK, District Judge, dissenting:

I respectfully dissent.  Texas law establishes that Texas Penal Code § 29.02 is indivisible, meaning that the modified categorical approach applied by my colleagues is not appropriate.  Not only do indictments in Texas charge both robbery-by-injury and robbery-by-threat in a single count, but juries can and do lawfully convict defendants under Section 29.02 without unanimously deciding that they committed either.  These facts should end our inquiry.  Because Texas robbery is not a categorical match with federal law and the statute is indivisible, I would find that Wehmhoefer is actually innocent of his three-strikes sentence.

As this Court has described, "The critical distinction [between indivisible and divisible statutes] is that while indivisible statutes may contain multiple, alternative means of committing the crime, only divisible statutes contain multiple, alternative elements of functionally separate crimes."  *Rendon v. Holder*, 764 F.3d 1077, 1084–85 (9th Cir. 2014) (citing *Descamps v. United States*, 570 U.S. 254, 264 n.2 (2013)).  According to the Supreme Court, an indictment and jury instructions that list statutory alternatives in a single count is "as clear an indication as any" that each is a means of commission rather than a different element that must be proven.  *Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016).  Further, "[I]f a jury could return a conviction *without* agreeing on which particular statutory

1

alternative applied, then the statute is indivisible . . . ." *United States v. Robinson*, 869 F.3d 933, 938 (9th Cir. 2017).

While the text of Section 29.02 gives the appearance of divisibility, Texas law shows otherwise. In *Cooper*, the Texas Court of Criminal Appeals, that state's highest criminal court, determined that it was a violation of double jeopardy for the same conduct to give rise to two robbery convictions, one by bodily injury and a second by threat. *Cooper v. State*, 430 S.W.3d 426, 427 (Tex. Crim. App. 2014). In two concurring opinions, a majority of the court expressed its agreement that "the 'threat' and 'bodily' injury elements of robbery are simply alternative methods of committing a robbery." *Id.* at 434 (Keller, P.J., concurring); *see id.* at 439 (Cochran, J., concurring) ("agree[ing] with Presiding Judge Keller" that robbery-by-threat and robbery-by-injury are alternative methods); *see also Burton v. State*, 510 S.W.3d 232, 237 (Tex. App. 2017) ("The two concurring opinions issued by the [*Cooper*] court agreed that aggravated robbery causing bodily injury and aggravated robbery by threat are alternative methods of committing the offense of aggravated robbery."); *Martin v. State*, No. 16-cr-00198, 2017 WL 5985059, at *3 (Tex. App. Dec. 1, 2017) (describing an indictment in which one count included both injury and threat alternatives).

In *Burton*, the court relied on *Cooper* to reject a defendant's contention that it was error not to require the jury to reach unanimous agreement on which type of

robbery he committed. *Burton*, 510 S.W.3d at 235–37. In that case, the defendant was indicted for one count of aggravated robbery, with the first paragraph referencing bodily injury and a second referencing threatening the victim. *Id.* at 236. The court determined that it was not error for the trial court to instruct the jury in the disjunctive because although Texas law entitles defendants to a unanimous verdict, a general verdict is acceptable "where alternative theories involve the commission of the 'same offense.'" *Id.* at 237 (quoting *Rangel v. State*, 199 S.W.3d 523, 540 (Tex. App. 2006)) (internal quotation marks omitted); *see also Landrian v. State*, 268 S.W.3d 532, 533 (Tex. Crim. App. 2008) ("The jury did not have to be unanimous on the aggravating factors of whether it was a 'serious' bodily injury or whether appellant used a deadly weapon."). The conviction could stand because under *Cooper*, "causing bodily injury or threatening the victim are different methods of committing the same offense." *Burton*, 510 S.W.3d at 237.[1]

Texas law is clear that defendants can be—and are—charged, tried, and convicted without unanimous agreement over whether they committed robbery-by-injury or robbery-by-threat. As a result, Section 29.02 is indivisible. *See Mathis*,

---

[1] My colleagues approvingly cite *United States v. Lerma*, 877 F.3d. 628, 634 n.4 (5th Cir. 2017), which complains that *Burton*'s statement of the law is unclear. I do not find it so; its central holding is consistent with *Cooper*, with the other Texas cases cited above, and with the analysis in this dissent.

136 S. Ct. at 2257; *Robinson*, 869 F.3d at 938. The parties' agreement that Wehmhoefer was convicted of robbery-by-threat is immaterial; the modified categorical approach does not apply. *See Mathis*, 136 S. Ct. at 2251 ("How a given defendant actually perpetrated the crime . . . makes no difference.") (internal citation omitted); *Descamps*, 570 U.S. at 265 ("Whether Descamps *did* break and enter makes no difference."). For that reason, I respectfully dissent.