NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEREMY VAUGHN PINSON, et al.,

No. 20-16422

Petitioners-Appellants,

D.C. No. 4:20-cv-00237-RM-JR

v.

MEMORANDUM*

BARBARA VON BLANCKENSEE,
Warden,

Respondent-Appellee.

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted January 20, 2021**

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Several inmates confined at the United States Penitentiary in Tucson,

Arizona appeal pro se from the district court's judgment dismissing their 28 U.S.C.

§ 2241 habeas corpus petition, and the district court's order denying their motion

for reconsideration of the dismissal order.   We have jurisdiction under 28 U.S.C.

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *see Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012), and we affirm.

Appellants sought to pursue in the district court a joint § 2241 petition challenging the conditions of confinement related to COVID-19. They contend that the district court erred by dismissing their petition because 28 U.S.C. § 2242 authorized appellant Ryan Forrest to sign the petition on behalf of the other petitioners, and the district court should have permitted joinder of all the petitioners. The district court properly dismissed the action. Forrest, a non-attorney, cannot represent others in court, *see Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997), and Forrest failed to meet the requirements for next-friend standing under § 2242. *See Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002). Further, the district court did not abuse its discretion in determining that joint prosecution of a single § 2241 habeas petition by all petitioners would not be administratively feasible and militated against joinder. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (district courts have inherent powers "to achieve the orderly and expeditious disposition of cases" (internal quotation marks omitted)); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (discussing standard of review and factors for permissive joinder).

Moreover, the district court did not err in declining to appoint counsel

because the appellants did not demonstrate "exceptional circumstances" that would warrant the appointment of counsel. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Contrary to appellants' assertions, the district court did not "deny[] class certification" before "considering appointment of class counsel."

Moreover, the district court did not abuse its discretion in denying the motion for reconsideration because appellants did not present any new evidence or legal arguments warranting relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

In light of this disposition, we need not reach appellants' remaining contentions.

Appellant Jimmy Malone's "Motion for Preliminary Injunction Pursuant to Federal Civil Procedure 65(a)" is DENIED.

**AFFIRMED.**