FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PAUL E. PAVULAK,
*Petitioner-Appellant*,

v.

BARBARA VON BLANCKENSEE,
*Respondent-Appellee.*

No. 19-16314

D.C. No.
4:19-cv-00274-RM-JR

ORDER AND
AMENDED OPINION

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted June 16, 2021
San Francisco, California

Filed August 4, 2021
Amended October 1, 2021

Before: Mary M. Schroeder, Milan D. Smith, Jr., and
Lawrence VanDyke, Circuit Judges.

Order;
Per Curiam Opinion

# SUMMARY[*]

## Habeas Corpus

The panel withdrew a per curiam opinion filed August 4, 2021; filed an amended per curiam opinion affirming the district court's dismissal of federal prisoner Paul Pavulak's 28 U.S.C. § 2241 petition; denied a petition for panel rehearing; and denied on behalf of the court a petition for rehearing en banc, in a case in which Pavulak challenged two sentencing enhancements—one under 18 U.S.C. § 2251(e), another under 18 U.S.C. § 3559(e)(1)—applied after his conviction on multiple counts of federal sex offenses.

Generally, a federal prisoner may only challenge the legality of his confinement through a 28 U.S.C. § 2255 motion. Under the "escape hatch" provision of § 2255(e), a federal prisoner may file a § 2241 petition, but only if the § 2255 remedy is inadequate or ineffective to test the legality of his detention. In a § 2241 petition, the prisoner must typically show (1) actual innocence, and (2) that he has not had an unobstructed procedural shot at presenting his challenge. To determine whether a petitioner has not had an unobstructed procedural shot, a court looks to (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion. The parties agreed that Pavulak must meet both prongs for each of the sentencing enhancements.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

In the amended opinion, the panel held that Pavulak's claim is foreclosed. Pavulak relied on *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v. Dahl*, 833 F.3d 345 (3d Cir. 2016), to challenge his sentencing enhancement under § 3559(e)(1), yet he conceded that both of those decisions came down before he had exhausted his original § 2255 motion. Thus, the legal basis for his claim arose before he had exhausted his § 2255 motion, so he cannot show that he did not have an unobstructed procedural shot at presenting his challenge to the § 3559(e)(1) sentencing enhancement.

The panel rejected Pavulak's argument for an extension of *Martinez v. Ryan*, 566 U.S. 1 (2012), to the § 2241 context. The panel explained that this court has already held in *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012), that *Martinez* does not apply to federal convictions, and that while *Buenrostro* concerned an application to file a second or successive petition under § 2255, the holding with respect to *Martinez* is applicable in the § 2241 context as well. The panel wrote that extending *Martinez* would open the door for virtually every unsuccessful pro se petitioner under § 2255 to argue that his lack of counsel in his original § 2255 petition meant that he did not have an obstructed procedural shot at presenting his claim and is therefore entitled to bring an escape hatch petition. The panel explained that this would effectively overrule this court's precedent that there is no right to counsel in federal post-conviction proceedings, and would undermine this court's admonition that use of the escape hatch is an exception to the general rule.

The panel concluded that because Pavulak cannot show he lacked an unobstructed procedural shot with respect to the § 3559(e)(1) enhancement, it did not need to reach the actual

innocence prong for that enhancement or either prong for the § 2251(e) enhancement.

## COUNSEL

Keith J. Hilzendeger (argued), Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Phoenix, Arizona; for Petitioner-Appellant.

Robert L. Miskell (argued), Assistant United States Attorney; Christina M. Cabanillas, Deputy Appellate Chief; Michael Bailey, United States Attorney; United States Attorney's Office, Tucson, Arizona; for Respondent-Appellee.

## ORDER

The per curiam opinion filed August 4, 2021 (Docket Entry No. 49), and reported at 7 F.4th 871, is amended, and is replaced by the amended per curiam opinion filed with this order.

With the opinion as amended, the panel has voted to deny the petition for panel rehearing. Judges Smith and VanDyke have voted to deny the petition for rehearing en banc, and Judge Schroeder has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc are **DENIED**. No further petitions for rehearing or rehearing en banc will be entertained.

## OPINION

PER CURIAM:

Paul Pavulak, a federal prisoner incarcerated in Arizona, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. He challenges two sentencing enhancements applied after a conviction on multiple counts of federal sex offenses. *See* 18 U.S.C. §§ 2251(e) (thirty-five years to life), 3559(e)(1) (mandatory life).

Generally, a federal prisoner may only challenge the legality of his confinement through a 28 U.S.C. § 2255 motion. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). Under the "escape hatch" provision of § 2255(e), however, a federal prisoner may file a § 2241 petition, but only if the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Marrero*, 682 F.3d at 1192. In a § 2241 petition, the prisoner typically must show (1) actual innocence, and (2) that he "has not had an unobstructed procedural shot at presenting" his challenge. *Marrero*, 682 F.3d at 1192 (citations and internal quotation marks omitted). To determine whether a petitioner has not had an unobstructed procedural shot, we look to: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (citations and

internal quotation marks omitted). The parties agree that Pavulak must meet both prongs for each of the sentencing enhancements. *See Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

We hold that Pavulak's claim is foreclosed. Pavulak relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Dahl*, 833 F.3d 345 (3d Cir. 2016) to challenge his sentencing enhancement under 18 U.S.C. § 3559(e)(1), yet he concedes that both of those decisions came down before he had exhausted his original § 2255 motion. Thus, the legal basis for his claim arose before he had exhausted his § 2255 motion, so he cannot show that he did not have an unobstructed procedural shot at presenting his challenge to the § 3559(e)(1) sentencing enhancement.

Pavulak argues for an extension of *Martinez v. Ryan*, 566 U.S. 1 (2012) to the § 2241 context. We have already held that *Martinez* does not apply to federal convictions. *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012). While *Buenrostro* concerned an application to file a second or successive petition under 28 U.S.C. § 2255, our holding with respect to *Martinez* is applicable in the § 2241 context as well. *Id.* at 1139. Federal prisoners are not entitled to counsel in post-conviction proceedings. *See Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) (explaining "there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Practically speaking, an extension of *Martinez* thus makes little sense. It would open the door for virtually every unsuccessful pro se petitioner under § 2255 to argue that his lack of counsel in his original § 2255 petition meant that he did not have an unobstructed procedural shot at presenting his claim and is therefore entitled to bring an escape hatch

petition under § 2241. Such practice would effectively overrule our precedent that there is no right to counsel in federal post-conviction proceedings. *See id.* And it would undermine our admonition that use of the "escape hatch" is "[a]n exception to the general rule," *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020), not an opportunity for every individual who initially filed a pro se habeas petition to have a second chance at habeas relief.

Other circuits have similarly held that prisoners may not utilize *Martinez* to bring a § 2241 petition. *See, e.g.*, *Lee v. Watson*, 964 F.3d 663, 667 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 195 (2020); *Jackman v. Shartle*, 535 F. App'x 87, 89 n.5 (3d Cir. 2013) (per curiam). The Seventh Circuit has extended *Martinez* to allow federal prisoners to reopen an action under § 2255, pursuant to Federal Rule of Civil Procedure 60, when that motion to reopen "was not a disguised second or successive motion under section 2255." *See Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015). The Seventh Circuit has since clarified that *Martinez* does not apply to federal prisoners filing a § 2241 petition. *See Purkey v. United States*, 964 F.3d 603, 617–18 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 196 (2020).

Accordingly, *Martinez* is inapplicable to Pavulak's § 2241 petition. Because Pavulak cannot show he lacked an unobstructed procedural shot with respect to the § 3559(e)(1) mandatory life sentencing enhancement, we do not need to reach the actual innocence prong for that enhancement or either prong for the § 2251(e) enhancement.

The Respondent-Appellee's Motion for Judicial Notice, Docket No. 30, is granted.

**AFFIRMED.**