NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP ANDRA GRIGSBY, | No. 22-16180 |
| Petitioner-Appellant, | D.C. No. 4:21-cv-00266-JAS |
| v. | |
| MARK GUTIERREZ;[*] et al., | MEMORANDUM[**] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted December 8, 2023[***]
San Francisco, California

Before: BRESS and JOHNSTONE, Circuit Judges, and MOSKOWITZ,[****]
District Judge.

---

[*] Mark Gutierrez is the current Warden of USP Tucson, where Grigsby is held. The Clerk shall edit the case name and caption to reflect that Gutierrez is the lead appellee.

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****] The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Philip Andra Grigsby, an inmate serving multiple consecutive sentences at a federal penitentiary, appeals the district court's partial dismissal of his habeas petition filed under 28 U.S.C. § 2241. In its order, the district court adopted a Magistrate Judge's report and recommendation to partially grant Grigsby's petition, finding that the Bureau of Prisons ("BOP") violated his right to due process by finding without supporting evidence that he illegally used the mail. However, the district court otherwise dismissed Grigsby's claims for earned-time credit and messaging and commissary benefits under the First Step Act, 18 U.S.C. § 3632(d)(3)–(4). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Reviewing de novo, *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012), we dismiss in part and affirm in part.

1. Grigsby's challenge to the BOP's disciplinary proceeding is moot. *See Foster v. Carson*, 347 F.3d 742, 745–46 (9th Cir. 2003). In adopting the report and recommendation, the district court ordered the BOP either to restore Grigsby's lost good-time credit or to reconduct a disciplinary hearing if it had evidence to support a finding that Grigsby illegally used the mail. Following the report and recommendation, but before the district court's order issued, the BOP remanded the action against Grigsby and reconducted its disciplinary hearing process with evidence that it believed established Grigsby's wrongdoing. Because Grigsby

2

received the relief he sought, we must dismiss this claim for lack of jurisdiction.[1]

*See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

2. Grigsby next argues that the district court erred in finding him ineligible to receive earned-time credit under the First Step Act because he is serving multiple consecutive and independent sentences for disqualifying and non-disqualifying offenses. *See* 18 U.S.C. § 3632(d)(4)(D). However, Grigsby is ineligible to receive earned-time credit, at least at this time.

"A prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction" for any enumerated offense. *Id.* In 2013, Grigsby was sentenced for ten offenses, each to run consecutively: (1) eight thirty-year sentences for the sexual exploitation of a child under 18 U.S.C. § 2251(a); (2) one ten-year sentence for the possession of child pornography under 18 U.S.C. § 2252(a)(4)(B); and (3) one ten-year sentence for felon in possession of a firearm under 18 U.S.C. § 922(g). The First Step Act renders prisoners ineligible to receive earned-time credit if they are serving sentences for the first two types of offenses listed above, which are enumerated offenses under the Act. *See* 18 U.S.C. § 3632(d)(4)(D)(xxxix), (xli). Even assuming, without deciding, that Grigsby is correct that his sentences should not be administratively grouped for the present

---

[1] We express no opinion regarding the sufficiency of the BOP's second disciplinary action.

purposes, Grigsby is ineligible to receive earned-time credit under the First Step

Act now because he is currently serving a sentence for an enumerated offense (in

fact, the consecutive sentences for enumerated offenses total 250 years).[2] *See id.*

    3.  Finally, the district court did not err in dismissing Grigsby's claim that

the BOP erroneously denied him messaging and commissary benefits. Because

messaging and commissary benefits concern the conditions of Grigsby's

confinement, rather than the execution of his sentence, he failed to state a

cognizable claim under 28 U.S.C. § 2241. *See Crawford v. Bell*, 599 F.2d 890,

891–92 (9th Cir. 1979); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1067–69 (9th

Cir. 2023) (clarifying that allegations concerning "ancillary harms resulting from

the conditions of confinement" cannot be brought in § 2241 habeas petitions),

*petition for cert. filed*, No. 23-488 (Nov. 8, 2023).

    **DISMISSED IN PART, AFFIRMED IN PART.**

---

[2] We do not decide whether a prisoner serving consecutive sentences for both enumerated and non-enumerated offenses may be eligible to receive earned-time credit if they are presently serving time for a non-enumerated offense. Any challenge to the denial of time credit for Grigsby's felon in possession of a firearm sentence is not ripe for review. *See 18 Unnamed John Smith Prisoners v. Meese*, 871 F.2d 881, 883 (9th Cir. 1989) ("The ripeness doctrine prevents courts . . . from entangl[e]ment in theoretical or abstract disagreements that do not yet have a concrete impact on the parties." (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985))).