NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-56659 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01619-JLS 3:97-cr-02106-JLS-1 |
| v. | |
| RAUL ERNEST SAENZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted January 14, 2021**
Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,*** District
Judge.

Raul Ernest Saenz appeals from the district court's order dismissing his 28

U.S.C. § 2255 motion to vacate and correct his sentence. We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

The district court correctly held that Saenz's § 2255 motion was untimely. As Saenz acknowledges, we rejected the same arguments he advances here in *United States v. Blackstone*, 903 F.3d 1020 (9th Cir. 2018). There, we held that *Johnson v. United States*, 576 U.S. 591 (2015), did not recognize a new right applicable to the mandatory Sentencing Guidelines or to 18 U.S.C. § 924(c) on collateral review. *Blackstone*, 903 F.3d at 1026–28. Saenz's § 2255 motion is therefore untimely.

We note that Saenz's challenge to his career-offender status under the Sentencing Guidelines is not moot simply because he has been released from custody. It is true, of course, that a defendant ordinarily may not challenge a sentence that has expired during the course of the proceedings. *Lane v. Williams*, 455 U.S. 624, 631 (1982). However, while Saenz has been granted release, he has not completed his sentence: he remains subject to the three years of supervised release imposed concurrently for each count of conviction. Where, as here, a "district court has the statutory discretion to modify a defendant's term of supervised release following a successful sentencing challenge, the possibility that the district court may exercise such discretion following this court's decision is sufficient to prevent an appeal from becoming moot." *United States v. D.M.*, 869 F.3d 1133, 1137 (9th Cir. 2017) (quoting *United States v. Strong*, 489 F.3d 1055, 1060 (9th Cir. 2007)). If Saenz's challenge to his career-offender status were

meritorious, "there is a nontrivial possibility that the district court . . . [would] reduce his term of supervised release under § 3583(e)." *Allen v. Ives*, 950 F.3d 1184, 1187 (9th Cir. 2020); *see also* 18 U.S.C. § 3583(e)(2) ("The court may . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release.").

We also note, as to the challenge to his § 924(c) convictions, that Saenz filed an "amended/renewed" § 2255 motion in the district court within one year of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated the residual clause of § 924(c), under which Saenz was found to have been convicted of a crime of violence. That motion remains pending and may provide a vehicle for Saenz to pursue his claims.

Nevertheless, because we conclude that Saenz's motion is untimely, we do not reach his arguments as to the merits of his motion.

**AFFIRMED.**