NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARL ALBERT COURTRIGHT III, | No. 20-15473 |
| Petitioner-Appellant, | D.C. No. 4:18-cv-00406-FRZ-JR |
| v. | |
| BARBARA VON BLANCKENSEE, Complex Warden, | MEMORANDUM* |
| Respondent-Appellee, | |
| and | |
| UNKNOWN PARTY, named as Complex Warden, Warden, USP Tucson, | |
| Respondent. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted January 12, 2022
Pasadena, California

Before: BOGGS,** OWENS, and FRIEDLAND, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Petitioner Carl Courtright, a federal prisoner convicted in the Southern District of Illinois and incarcerated in Arizona at the time the petition was filed, appeals from the district court's denial of his habeas corpus petition under 28 U.S.C. § 2241. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo the denial of a 28 U.S.C. § 2241 petition," *Bottinelli v. Salazar*, 929 F.3d 1196, 1198 (9th Cir. 2019), and we reverse.

1.      Whether Courtright can file the instant petition under 28 U.S.C. § 2241 depends on the availability of the "escape hatch" in 28 U.S.C. § 2255, which applies when a prisoner's "remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (quoting § 2255). Section 2255 is inadequate "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at 898 (citation and quotation marks omitted).

For the first prong, Courtright indeed claims actual innocence: He argues that he is innocent of the mandatory life sentence he received under 18 U.S.C. § 3559(e) because his prior state conviction was not a categorical match for any of

the enumerated federal crimes.[1] The district court's conclusion that "innocence of sentencing enhancements is insufficient to satisfy the actual innocence prong of the escape hatch" is incorrect. In *Allen v. Ives*, 950 F.3d 1184, 1189-90 (9th Cir. 2020), which issued the same week as the district court's order denying Courtright's petition, we held that a claim of actual innocence of a mandatory sentencing enhancement is cognizable under 28 U.S.C. § 2241. *See also Shepherd v. Unknown Party*, 5 F.4th 1075, 1077-78 (9th Cir. 2021) (restricting *Allen* to mandatory sentencing schemes).

As for the second prong, Courtright also lacked an unobstructed procedural shot at presenting his claim. At the time of his direct appeal and initial § 2255 motion, Seventh Circuit law foreclosed his theory that his state conviction was broader than the federal offenses enumerated in § 3559(e). Under then-existing precedent, the state statute would have been divisible, and Courtright's crime of conviction would have been a categorical match for at least one enumerated federal offense. *See United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009) (defining a divisible statute as one that "creates several crimes or a single crime with several modes of commission," that is to say, "modes of conduct identified somehow in

---

[1] That sentencing enhancement applies if, as relevant here, a defendant was previously convicted of a state sex offense that would have been one of the enumerated federal sex offenses, had it occurred within the special maritime and territorial jurisdiction of the United States. *See* 18 U.S.C. § 3559(e)(2)(A)-(C).

the statute"). But the Supreme Court later rejected that approach to divisibility, giving Courtright a shot at his categorical match argument for the first time. *See Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016) (holding that "a statute that lists multiple, alternative means of satisfying one (or more) of its elements" is not divisible). The government's attempts to argue otherwise based on two unpublished Seventh Circuit decisions are unpersuasive.

Courtright's claim therefore meets both prongs of the escape hatch, and he may bring the instant petition under 28 U.S.C. § 2241.

2. On the merits, Courtright argues that his prior Illinois conviction for aggravated criminal sexual assault, 720 Ill. Comp. Stat. 5/12-16(a)(2), 1996 Ill. Legis. Serv. 89-586 (West) (current version at 720 Ill. Comp. Stat. 5/11-1.60), is not divisible. He specifically argues that the statute defining "sexual conduct," 720 Ill. Comp. Stat. 5/12-12(e), 1993 Ill. Legis. Serv. 88-167 (West) (current version at 720 Ill. Comp. Stat. 5/11-0.1), lists possible means of committing the offense with which he was charged.

We agree that the definition of "sexual conduct"—set out in a separate statute twice removed from the statute of conviction—lists factual means by which that element may be satisfied. Illinois courts have concluded that allegations in indictments about the specific form of sexual conduct, e.g., body parts touched, "constitute[] mere surplusage." *People v. Ikpoh*, 609 N.E.2d 1025, 1037 (Ill. App.

Ct. 1993); *accord People v. Lewis*, 498 N.E.2d 1169, 1173-74 (Ill. App. Ct. 1986). The statutes themselves neither expressly indicate that such details must be charged nor authorize different punishments based on them. *See Mathis*, 136 S. Ct. at 2256 (listing signs of divisibility). Finally, Illinois model jury instructions reveal that the "statute is indivisible" because "the jury may disagree" on which facts constitute sexual conduct "yet still convict." *Gomez Fernandez v. Barr*, 969 F.3d 1077, 1090 (9th Cir. 2020) (citation omitted).

We therefore apply the categorical approach and "ask only whether the elements of the state crime" and the federal offenses at issue "make the requisite match." *Mathis*, 136 S. Ct. at 2256. We conclude that they do not, as the Illinois statute is broader than the federal offenses. *Compare* 720 Ill. Comp. Stat. 5/12-12(e) (defining "sexual conduct" to include touching "directly or through clothing" of, *inter alia*, "any part of the body" of a child under thirteen), *with* 18 U.S.C. § 2241 (referencing a "sexual act," defined in 18 U.S.C. § 2246(2) to cover touching a narrower range of body parts "not through the clothing"), *and* 18 U.S.C. § 2244(a)(1) (referencing "sexual contact," defined in 18 U.S.C. § 2246(3) to cover touching a narrower range of body parts).

Courtright's prior state conviction is therefore not a categorical match for any offense listed in 18 U.S.C. § 3559(e). He is actually innocent of that sentencing enhancement and is entitled to resentencing without its application. On

5

remand, the Arizona district court may wish to order briefing on whether it has authority to resentence Courtright, or whether (and by what means) the case should be transferred to the Southern District of Illinois.[2]

**REVERSED AND REMANDED.**[3]

---

[2] *See Chaney v. Von Blanckensee*, 804 F. App'x 579, 582 n.3 (9th Cir. 2020) (recognizing this "open and difficult question"). *See generally, e.g.*, *Lilly v. Rios*, No. 1:10-cv-01666 LJO MJS, 2011 WL 2433643 (E.D. Cal. June 14, 2011); *Hill v. Daniels*, No. Civ.05–1292–AA, 2005 WL 2249858 (D. Or. Sept. 14, 2005); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Conley v. Crabtree*, 14 F. Supp. 2d 1203 (D. Or. 1998).

[3] Courtright's motion to take judicial notice, Dkt. No. 24, is **GRANTED**.